JAMES BURNS *et al.*, Plaintiffs-Appellants, v. STEELCASE, INC., Defendant-Appellee. ·

First District (5th Division)   No. 84—2858

Opinion filed November 27, 1985.

Alan M. Katz & Associates, of Chicago (Alan M. Katz and Gregory R. Sun, of counsel), for appellants.

Law Office of John C. Kiely, of Chicago (John C. Kiely, Eugene F. McMahon, and John J. Zachara, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs-appellants, James and Willie Burns, appeal from an order of the circuit court of Cook County dismissing, with prejudice, their personal injury suit against defendant-appellee Steelcase, Inc. The trial court dismissed the suit because after plaintiffs had previ-

ously obtained a voluntary dismissal of an identical suit against the defendant they had failed to pay to defendant certain costs assessed in the dismissal order.

We find that the circuit court had no authority to deny the plaintiffs their right to refile this action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), and accordingly we reverse and remand.

In 1981 plaintiffs filed an action against defendant for personal injuries sustained in a motor vehicle accident. On May 9, 1983, that action was voluntarily dismissed on the plaintiffs' motion. The order of dismissal stated, *inter alia,* that costs of $93 were to be paid to defendant.

On May 8, 1984, plaintiffs refiled that action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) which provides, *inter alia,* that a plaintiff may commence a new action within one year after an action has been voluntarily dismissed by the plaintiff.

The defendant subsequently moved to strike and dismiss the new complaint contending that plaintiffs had failed to pay the costs assessed in the dismissal order and therefore should be barred from refiling. At a hearing on that motion plaintiffs admitted that they had not paid the costs, although they were in receipt of a letter from defendant, dated two days after the dismissal order, requesting payment. Plaintiffs contended that payment had not been made through inadvertence. They also noted that they had recently tendered a check to the defendant, which was refused. The circuit court granted defendant's motion to dismiss based on the plaintiffs' failure to comply with the order that they pay costs pursuant to the prior voluntary dismissal.

■■ We find no authority for the circuit court's dismissal of the plaintiffs' refiled complaint. Section 13—217 of the Code of Civil Procedure provided plaintiffs with the absolute right to refile their complaint within one year of the voluntary dismissal of their original action. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 306, 472 N.E.2d 787, 788.) It is undisputed that plaintiffs obtained a voluntary dismissal on May 8, 1983, and refiled within one year. That voluntary dismissal order was final and appealable (104 Ill. 2d 302, 307, 472 N.E.2d 787, 798), but defendant chose not to appeal it. The circuit court before which the refiled complaint was pending had no jurisdiction to review the propriety of the previous dismissal. Yet defendant's contentions concerning the plaintiffs' failure to pay costs pursuant to that prior order amounted to a collateral attack on its validity. Ac-

cordingly, we reverse that order and remand without considering plaintiffs' attacks on the voluntary dismissal order.

■ We would only note that defendant errs in relying on the cases of *Quirino v. Chicago Tribune-New York News Syndicate, Inc.* (1973), 10 Ill. App. 3d 148, 294 N.E.2d 29, and *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 307 N.E.2d 409, for the proposition that one seeking to rely on section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) must be diligent in refiling. The engrafting of such a requirement on the statute was specifically rejected in *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587. Thus, even if defendant's contentions concerning plaintiffs' failure to pay costs are construed as pertaining to plaintiffs' refiled complaint, those contentions have no merit. Furthermore nothing in the record explains why defendant had not chosen to avail itself of the circuit court's continuing jurisdiction in the original action to enforce the payment of costs. *Bettenhausen v. Guenther* (1945), 388 Ill. 487, 490, 58 N.E.2d 550, 552; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 790-91, 424 N.E.2d 911, 915-16.

The judgment of the trial court is reversed and the cause remanded for reinstatement of plaintiffs' complaint.

Reversed and remanded.

SULLIVAN and PINCHAM, JJ., concur.