GUADALUPE DeLUNA, Indiv. and as Special Adm'r of the Estate of Alicia DeLuna, Deceased, Plaintiff-Appellant, v. ST. ELIZABETH'S HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 1—86—2995, 1—87—0831 cons.

Opinion filed June 13, 1989.

Barbara J. Clinite, of Chicago, for appellant.

David L. Cwik, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Michael A. Clarke, of counsel), for appellee St. Elizabeth's Hospital.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Gary I. Blackman, of counsel), for appellee Michael Treister.

JUSTICE SCARIANO delivered the opinion of the court:

Section 2—622(a)(1) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1)) provides that in any action for medical malpractice the plaintiff or his attorney must attach to the complaint an affidavit stating that he has consulted with a health professional in whose "determination" there is a "reasonable and meritorious cause" for the filing of the action. In addition, the plaintiff must also attach the written report of the health professional indicating the basis for his determination. Section 2—622(a)(2) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)) allows for a 90-day extension for the filing of the affidavit if the statute of limitations is near expiration, and section 2—622(a)(3) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(3)) provides that if the plaintiff is having difficulty obtaining necessary medical records, he is given 90 days upon receipt of the medical records in which to file the affidavit. Section 2—622(g) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)) provides that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619."

Plaintiff brought an action for damages for professional and hospital negligence against the defendants but failed to attach to his complaint the written declarations required by the provisions of the statute set forth above. The trial court granted the defendant hospital's motion to dismiss plaintiff's complaint for failure to comply with section 2—622, specifying that such dismissal was without prejudice to refiling. Plaintiff filed his notice of appeal, but the appeal was stayed awaiting the result in *McCastle v. Sheinkop*, then pending in the Illinois Supreme Court. The trial court later granted with prejudice defendant Dr. Treister's motion to dismiss plaintiff's complaint for failure to conform with the provisions of section 2—622. Plaintiff filed a notice of appeal from this order as well. After the supreme court decided *McCastle* without having to reach the constitutional issues which had been presented therein (*McCastle v. Sheinkop* (1988), 121 Ill. 2d 188, 520 N.E.2d 293), the stay of the instant appeal was vacated.

Plaintiff raises the following issues on appeal: (1) whether section 2—622 unconstitutionally delegates judicial authority to health professionals, and invades the power of courts to hear and determine cases, in violation of the separation of powers mandated by article II, and section 1 of article VI of the Illinois Constitution; (2) whether section 2—622 unconstitutionally deprives victims of medical malpractice of access to courts and recovery of damages for injuries without an opportunity to be heard, in violation of the due process clause of article I, section 2, of the Illinois Constitution and the fourteenth amendment to the United States Constitution; (3) whether section 2—622 deprives victims of medical malpractice of the equal protection of the laws guaranteed in article I, section 2, of the Illinois Constitution and the fourteenth amendment to the United States Constitution; (4) whether section 2—622 unconstitutionally restricts free and open access to the courts for the vindication of rights by victims of medical malpractice, in violation of article I, section 12, of the Illinois Constitution and the first amendment to the United States Constitution; (5) whether section 2—622 is void for vagueness in delegating unguided authority in terms so vague and uncertain as to provide no standard for the exercise of that authority by a health professional; (6) whether the circuit court erred in the application of section 2—622; (7) whether the circuit court erred in entering an order dismissing the complaint against defendant Treister with prejudice; and (8) whether this court has jurisdiction to entertain an appeal from an express interlocutory dismissal order which was made expressly without prejudice and subject to refiling.

On April 16, 1986, plaintiff filed his complaint for medical malpractice, in counts I through III of which he alleged that decedent Alicia DeLuna underwent surgery as a patient of defendant hospital; that hospital employees were negligent in that they lacerated the common iliac artery during surgery; failed to properly monitor vital signs; failed to recognize the signs of massive internal bleeding and failed to promptly respond thereto. Count I was brought under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. (1), (2)), count II under the Survival Act (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6), and count III under the family expense act (Ill. Rev. Stat. 1985, ch. 40, par. 1015).

Counts IV through VI alleged that defendant Treister performed a lumbar laminectomy upon plaintiff's decedent, during which he negligently lacerated the common iliac artery, and that he failed to promptly recognize the signs of massive internal bleeding, to identify the laceration and to promptly respond with treatment. Count IV was brought under the Wrongful Death Act, count V under the Survival Act, and count VI under the family expense act.

In all counts, plaintiff alleged that the negligent acts and omissions of the defendants were the proximate cause of the death of Alicia De-Luna. In the discharge summary contained in the records of defendant hospital for plaintiff's decedent, Dr. Treister reported the "iatrogenic laceration of the common iliac artery" and his conclusion that the proximate cause of death was coagulopathy which resulted from bleeding from surgical laceration. A copy of the discharge summary was filed with plaintiff's memoranda in opposition to defendants' motion to dismiss.

I

Plaintiff contends that section 2—622 unconstitutionally delegates judicial authority to health professionals and invades the power of courts to hear and determine cases and, more specifically, that it delegates the function of reviewing the facts of a case and determining whether a claim has merit, in violation of article II and section 1 of article VI of the Illinois Constitution. The requirements of the statute, plaintiff reasons, preclude a court from making its own determination on the merits, and as such violate the separation of powers mandated by the Illinois Constitution.

Defendants respond that section 2—622 does not encroach on powers properly belonging to the judicial branch, nor does it vest in the medical profession "judicial power" properly reserved for the supreme court and its subordinate courts. They further point out that it is well settled under Illinois law that "a strong presumption of constitutionality attaches to any legislative enactment and that the burden rests upon the challenger to demonstrate its invalidity." (*People v. Joseph* (1986), 113 Ill. 2d 36, 41, 495 N.E.2d 501.) Moreover, defendants note, it is equally well recognized that the wisdom of the legislation itself is not an issue to be addressed in assessing the constitutionality of a legislative enactment. *People v. J.S.* (1984), 103 Ill. 2d 395, 469 N.E.2d 1090.

The affidavit requirement as set forth in section 2—622, defendants assert, does not confer judicial power on a non-judicial body; rather, they urge, the statute merely requires plaintiff or his attorney to file an affidavit attached to the complaint declaring that the case was reviewed by a knowledgeable health professional who has determined in a written report that there is a reasonable and meritorious cause for filing the action. The health professional, they add, is asked only to render an advisory opinion as to whether there exists a factual basis for the filing of a suit. Defendants argue that these opinions have no evidentiary weight, are not binding as to either party, and do not in

any way impinge on the judiciary's role of applying the law and rendering a final judgment on the merits of the case.

Defendants cite *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 517 N.E.2d 1154, *appeal denied* (1988), 121 Ill. 2d 567, 526 N.E.2d 827, in which the Illinois Appellate Court for the Second District upheld the constitutionality of section 2—622 against a charge that it violated the separation of powers provision of our State Constitution, the court declaring that the statute does not involve the interpretation of law, and does not infringe upon the judicial function of applying the law, as it requires only a determination of fact by an expert in the medical field. We note that *Bloom* has been followed by the fourth district in *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 523 N.E.2d 563, and by the third district in *Sakovich v. Dodt* (1988), 174 Ill. App. 3d 649, 529 N.E.2d 258.

■ We respectfully disagree with the *Bloom* court; consequently, we decline to follow its holding in that case. Article II, section 1, of the Illinois Constitution provides:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another."

Article VI, section 1, of the Illinois Constitution vests the judicial power in one supreme court and certain subordinate courts, and such grant is an exclusive one which exhausts the whole power. (*People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541.) Judicial power has been defined as:

"The power which adjudicates upon and protects the rights and interests of individual citizens, and to that end construes and applies the law." (*Cox*, 82 Ill. 2d at 274.)

Moreover, since the power is judicial in nature, it necessarily follows that the legislature is expressly prohibited from exercising it. *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.

■■ It is also well settled that the legislature has no constitutional authority to create a new court, or to alter the basic character of a court. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763; *In re Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982* (1983), 93 Ill. 2d 463, 444 N.E.2d 170; *People ex rel. Rice v. Cunningham* (1975), 61 Ill. 2d 353, 336 N.E.2d 1.) We agree with plaintiff that in section 2—622, the legislature unconstitutionally delegates to a professional group the function of deciding whether a plaintiff's claim should proceed to a hearing, for it is the role of the court, applying the law concerning the sufficiency of allegations in a complaint, to determine whether there is any set of facts under which the plaintiff may state a

cause of action in a particular case and move on in the judicial process. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615; *Theodosakis v. Austin Bank* (1981), 93 Ill. App. 3d 634, 417 N.E.2d 806.) Yet, under section 2—622, the court cannot reach the issue of whether or not a plaintiff has adequately stated a cause of action unless he or she has filed the required affidavit and the report of a health professional. Indeed, here, under section 2—622, the court was not allowed to consider important and perhaps even decisive admissions of fact in the defendant's discharge summary for plaintiff's decedent as demonstrating reasonable cause for filing the lawsuit, or to determine whether the complaint states cause of action in any of its various counts. Consequently, the court's authority to exercise its inherent power to hear and determine a cause was effectively barred, because section 2—622 delegates that function to health professionals, and in determining whether an action may be maintained, the court's role is confined initially to the purely formal and nominal one of finding whether the attorney's affidavit and the required reports of health professionals have been filed, and it is mandated to dismiss the case if they are lacking. It is one thing to require a medical malpractice plaintiff to provide expert opinion testimony at trial supporting his claim, yet quite another to give control over the ability of our courts to hear and decide medical malpractice cases to those experts. And it is one thing to be required to obtain leave of court in order to advance in the judicial process; yet it is quite another to exact a litigant to obtain the leave of lay persons in order to pursue his suit at law.

Thus, section 2—622 impermissibly confers upon health professionals a judicial role. It requires a two-step analysis by health professionals; first, the professional is to review medical records and other materials and determine the facts relating to the actions complained of by a plaintiff. Second, he or she is to apply the law requiring "reasonable and meritorious cause" to those facts in order to determine whether a lawsuit may be filed. Indeed, unless the professional "has determined in a written report *** that there is a reasonable and meritorious cause for the filing of such action," the very doors of the courthouse are closed to the plaintiff, for "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619" (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), even before the judicial process, as we have known it since at least the reign of Henry II, can begin to take its course.

Only three short years ago, our supreme court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, held unconstitutional a similar "undue infringement upon the judiciary as it seeks

to discharge its duties fairly and expeditiously. [For] insofar as section 2—1009 [of our Code of Civil Procedure] directs the circuit court to dismiss a case, it unduly infringes upon the fundamental, exclusive authority of the judiciary to render judgments," citing *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 150. (*O'Connell*, 112 Ill. 2d at 283.) Thus, it can be fairly said that the requirement of a *"determination"* that there is a *"reasonable and meritorious cause for the filing of such action"* springs out of section 2—622 as a three-dimensional term historically, indeed, umbilically related to the judicial process. (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

It is said that "the purpose of section 2—622 is to eliminate frivolous lawsuits at the pleading stage." (*Bloom*, 164 Ill. App. 3d at 478, citing *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655, 509 N.E.2d 702.) But this is to overlook that although it was also the purpose of the statute in *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763, to weed out frivolous cases, it did not deter our supreme court from holding as contrary to the judicial article of our State Constitution the pretrial review of medical malpractice cases by panels consisting of a judge, an attorney, and a health-care professional. There the court declared that it was so holding even though the judge on such a panel had the sole authority to decide questions of law and evidence, since decisions were to be rendered by the panel as a whole and the judicial member was forced to share his authority with the non-judicial members. *Bernier* followed a similar ruling of the supreme court handed down in *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 347 N.E.2d 736, where the court considered section 401a of our Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1013a), the first attempt by the legislature to create medical review panels.

A comparison of section 2—622 with the medical review panel provisions invalidated in *Bernier* and *Wright* shows conclusively that section 2—622 goes even further. While it does not provide for the sharing of judicial authority, it takes away from the court altogether a vital decision-making function and confers it upon the members of a private professional group who hold in their hands the keys to the courtroom itself, into which no one may enter, not even the judge who ordinarily sits there, unless the pleading which traditionally initiates an action at law bears their *imprimatur* or their *nihil obstat*. And if the complaint does not so comport, the judge is mandated under the clear provisions of section 2—622 to dismiss the action, which, as we have already noted, is the very reason why our supreme court in *O'Connell* held a similar provision to be violative of the judicial article of our constitu-

tion. Thus, section 2—622 strikes at the very essence of judicial authority.

Moreover, although the medical review panel provisions stricken in *Bernier* and *Wright* gave non-judicial members a judicial role, the decision of the panel did not preclude the court from conducting a trial and making its own determination on the merits of a cause. Unless the parties agreed otherwise, "the matter is to proceed to trial, as in any other case." (*Bernier*, 113 Ill. 2d at 231.) Section 2—622 goes further and makes the health professional's determination a prerequisite to the court's power to hear the evidence and determine the merits of the plaintiff's claim. The court is not allowed to permit the matter to proceed to discovery and trial without the prior written determination of a health professional. Only the health professional is authorized to make the legal conclusion as to whether the plaintiff is entitled to advance beyond the filing of his complaint, and such conclusion will have to depend on the professional's own understanding of what is required to file a suit. Thus, it becomes clear that section 2—622 confers upon the healing art profession the decision-making power heretofore exercised only by our courts as to whether a particular case has merit, and yet *"the very purpose of a court of law is to determine whether an action filed by a party has merit."* (Emphasis added.) *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 952, 381 N.E.2d 1367, *cert. denied* (1979), 444 U.S. 828, 62 L. Ed. 2d 36, 100 S. Ct. 53.

Further, the decision-making function is assigned to medical professionals who are untrained in the law, are not appointed through our established judicial selection methods, are not made to answer to any judicial supervisory authority, and are not bound by any precedent, legal principles, guides, or standards by which they are to evaluate claims. Indeed, there is no legal obligation imposed upon health professionals to review claims of malpractice and to provide reports thereon, nor could a court compel them to do so. In this connection, it is noteworthy that it was but a few short years ago that our supreme court decried the difficulty of getting "the doctors and nurses in attendance [at an anesthetized plaintiff's surgical operation to] voluntarily *** disclose the identity of the negligent person and the facts establishing liability" occurring during surgery, and applied the doctrine of *res ipsa loquitur*, expressly adopting the ruling and reasoning of the California Supreme Court in *Ybarra v. Spangard* (1944), 25 Cal. 2d 486, 490-92, 154 P.2d 687, 689-90. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.) And notwithstanding that ours is a "fact pleading" State, as opposed to one permitting "notice pleading," section 2—622 adds to those rigors that of requiring a plaintiff to make a showing to a lay-

man of at least the essential elements of a *prima facie* case even before he reaches the office of the clerk of the court to plunk down his filing fee.

If a panel of three judges cannot operate constitutionally (*In re Contest for Governor*, 93 Ill. 2d 463, 444 N.E.2d 170), nor a panel consisting of one circuit judge and two laymen (*Bernier*, 113 Ill. 2d 219, 497 N.E.2d 763), we have not the organs to perceive how a solitary layman can be permitted under our State Constitution to "determine" what constitutes a "reasonable and meritorious cause" for the filing of a lawsuit. The unconstitutional invasion of the court's authority in this case is all too disturbingly clear. The legislature has overstepped the bounds of constitutional authority; its delegation of judicial power is incongruous with the provisions of article II and section 1 of article VI of the Constitution of the State of Illinois. For the reasons indicated, we conclude that section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) is unconstitutional. Given this result, we need not consider plaintiff's remaining arguments against the provision, nor do we need to consider whether or not the trial court's dismissal of the action against Dr. Treister was proper for having been entered with prejudice.

## II

Defendant hospital argues that this court lacks jurisdiction to entertain this appeal because the order it was granted states on its face that plaintiff's action was dismissed "without prejudice to refiling." Defendant asserts that the jurisdiction of this court is limited to the review of final orders and certain interlocutory orders, and maintains that an order is not final where it leaves the cause of action pending. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.) To be final, according to defendant, an order dismissing plaintiff's complaint must be with prejudice. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 466 N.E.2d 681.) Defendant cites *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480, as setting forth these same principles. In *Flores*, the supreme court held that an order containing the language "without prejudice to refile" was not final and appealable.

Plaintiff responds, and we agree, that the dismissal under section 2—622 in this case is unlike those discussed in the authorities cited by the defendant, because the dismissal here did not provide an absolute and unconditional right to refile the action and resulted in prejudice to plaintiff. The basis of the court's order of dismissal was its determination that section 2—622 was constitutional, and that, accordingly, plain-

tiff had to file the affidavit and reports required by that provision. The right to refile the action, therefore, was impliedly conditioned upon complying with the statute, rather than being an absolute right to refile. Consequently, the right to refile the action conditioned upon conformity with section 2—622 is not the type of order which renders a dismissal nonfinal.

The rationale of *Flores* and other cases cited by defendant hospital involving dismissals for want of prosecution is that even if the court abuses its discretion in dismissing the case, plaintiff has an absolute right to refile and ultimately would not be prejudiced. (See *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305, 472 N.E.2d 787.) In contrast, in the case at bar, plaintiff was prejudiced by the dismissal. Under section 2—622, plaintiff could not refile his action without the report of a health professional, and if he were to refile without it, the court would be required by the clear terms of the statute to dismiss the action once more, if, indeed, it would not look upon such conduct as being contumacious. The right to refile was not entirely within plaintiff's control, since he was dependent upon health professionals to provide the required report. On the other hand, if plaintiff had refiled with the mandated report, he would have waived his right ever to obtain a review of the constitutional validity of section 2—622 and the propriety of the dismissal of his action.

■■ Where a party is prejudiced by an order dismissing a complaint and would have no opportunity for review of the order, except by immediate appeal, the Illinois Supreme Court has held that the order is final and appealable, even where there is a right to refile the case. (*Kahle*, 104 Ill. 2d 302.) Thus, the right to refile an action does not necessarily render the dismissal order nonfinal. (*Burns v. Steelcase, Inc.* (1985), 138 Ill. App. 3d 1039, 486 N.E.2d 1316.) It is also interesting to note that in *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 523 N.E.2d 563, one of the cases relied upon by both defendants for its sustaining the constitutionality of section 2—622, the appellate court proceeded to review an order which dismissed a complaint for failure to comply with the provisions of that statute, although the dismissal was with prejudice.

For all of the above-stated reasons, we reverse the judgment of the circuit court and remand this cause for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BILANDIC, P.J., and FREEMAN, J., concur.