LORENE SAKOVICH, Plaintiff-Appellant, v. BRUCE DODT, Defendant-Appellee.

Third District   No. 3—87—0757

Opinion filed September 22, 1988.

650

Lorene Sakovich, of Bourbonnais, appellant *pro se.*

Paul C. Estes, of Thomas & Hinshaw, Culbertson, of Peoria, and Nancy G. Lischer, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Lorene Sakovich appeals *pro se* from the dismissal of her complaint for damages allegedly resulting from defendant Dr. Bruce Dodt's medical misdiagnosis and other alleged misconduct in connection with a work-related injury to plaintiff's hand. Plaintiff's *pro se* complaint was dismissed by the circuit court of Kankakee County with prejudice for failure to comply with section 2–622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2–622). Defendant has moved to dismiss plaintiff's appeal on grounds that plaintiff has failed to comply with Supreme Court Rules 341 and 342 (107 Ill.

2d Rules 341, 342) and that her inadequate briefing in this court constitutes a waiver of all issues. Defendant's motion was taken with the case, and we now deny it.

■ Plaintiff presents herself as the object of corporate, medical, legal and judicial conspiracies to deprive her of her health, wealth, reputation and civil rights. The record contains no evidentiary support for these allegations. And, defendant's point is certainly well-taken that plaintiff's appellate briefing falls woefully short of the minimum requirements for a litigant's practice in this court. Under ordinary circumstances, we would not hesitate to grant defendant's motion to dismiss. (*Biggs v. Spader* (1951), 411 Ill. 42, 103 N.E.2d 104.) Nonetheless, having reviewed the materials presented for our consideration, we find that however justifiable such disposition would be in this case, no useful purpose would be served by rejecting plaintiff's effort to present her position in this appeal. Simply stated, we deem it judicially expedient to respond to plaintiff's contention that the trial court erred in dismissing her complaint.

Between March and November of 1987, plaintiff filed a series of lawsuits in the circuit courts of Will and Kankakee Counties charging defendant, Armstrong World Industries, her former employer, St. Mary's Hospital of Kankakee, and several other medical doctors with conspiracy to deprive her of a medical record and various other acts of malfeasance or nonfeasance. Plaintiff did not attach any affidavits or medical reports indicating that she had consulted with any other health professional or that any other person had determined that plaintiff had a reasonable or meritorious cause for filing her actions. Defendant Dr. Dodt moved for dismissal of the charges levied against him pursuant to sections 2–615 and 2–622 of the Illinois Code of Civil Procedure. The matter was heard on June 29, 1987, at which time the court continued the motion, granted plaintiff 30 days to file an affidavit explaining her reason for failing to attach a medical report as required by section 2–622 and granted her until September 15, 1987, to file such report. The court expressed its patience with plaintiff and encouraged her to seek legal assistance. On September 18, plaintiff filed a letter requesting a trial date and indicating that her request to Dr. Bakul Pandya for medical records had gone unanswered. On October 27, 1987, the court granted defendant's motion to dismiss "pursuant to section 2–619 of the Illinois Code of Civil Procedure, because the plaintiff did not comply with section 2–622 of the Code."

In this appeal, plaintiff argues that section 2–622, which controls the pleadings in medical malpractice cases, was not enacted until af-

ter the alleged conspiracies and other misconduct had been committed against her, and that its requirements of affidavits of merit should not, therefore, apply in her case. She contends that section 2—622 violates her constitutional rights to due process and equal protection of the law. Plaintiff further contends that Supreme Court Rule 191(b) (107 Ill. 2d R. 191(b)) permits the substitution of plaintiff's self-evaluation of the meritorious nature of her complaint. Having considered plaintiff's arguments, we find them all unavailing.

■ The effective date of the Healing Art Malpractice Act (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) is August 15, 1985. It controls in all medical malpractice cases, "whether in tort, contract or otherwise" (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)) filed thereafter (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h)), regardless of whether plaintiff's alleged injury occurred before or after that date. (*Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 523 N.E.2d 1020.) In this case, plaintiff's complaint against Dr. Dodt was filed on March 11, 1987. Therefore, the trial court committed no error in requiring compliance with the provisions of the Act to this case, including the filing of affidavits and medical reports to certify that there is a legitimate basis for the action.

Plaintiff's constitutional arguments were ably advanced in *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 517 N.E.2d 1154, 1156. The court there stated:

"The standard for determining plaintiff's due process and equal protection objections is the rational-basis test. If the legislation bears a rational relationship to a legitimate governmental purpose, then it does not violate a person's right to due process and equal protection. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 228-29, 497 N.E.2d 763.) The purpose of section 2—622 is to eliminate frivolous lawsuits at the pleading stage (*Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655, 509 N.E.2d 702), which we find to be a legitimate governmental purpose which section 2—622 is rationally related to achieving." (164 Ill. App. 3d at 478.)

The *Bloom* court on this basis concluded that section 2—622 was not constitutionally infirm.

■ Plaintiff presents no persuasive reasons for this court to depart from the holding of *Bloom*. Accordingly, for the reasons explicated in *Bloom*, we reject plaintiff's challenge on constitutional grounds.

■ Lastly, we have considered plaintiff's contention that the materials she filed, indicating that Dr. Pandya had failed to provide her

with a medical report when she requested one, satisfied the requirements for affidavits as set forth in Supreme Court Rule 191 (107 Ill. 2d R. 191). As defendant has correctly noted, Rule 191 applies to specific motions, including motions to dismiss pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), but is no substitute for the affidavit and medical report requirements of section 2—622. Obviously, the entire purpose of the healing art malpractice legislation would be subverted if a plaintiff were permitted to proceed with a cause of action against medical professionals on the basis of her own evaluation of the merits of her case and with no supporting report of an expert who believed that malpractice had been committed. (See *Bloom,* 164 Ill. App. 3d 475, 517 N.E.2d 1154 (under similar circumstances, the trial court rejected under section 2—622 plaintiff's counsel's affidavit that he was unable to obtain an expert who would support plaintiff's claim of malpractice, and involuntary dismissal of complaint was affirmed on appeal).) Since plaintiff's letter and other filings in this case neither complied with nor could reasonably substitute for the requirements of section 2—622, we hold that the trial court did not err in dismissing plaintiff's complaint.

Although we recognize that we have not responded to all of defendant's arguments in support of the trial court's action in this case, we have intentionally limited our discussion to those matters that plaintiff attempted to raise by way of argument in her appellate filings. All other issues which might have been made have been waived.

The judgment of the circuit court is affirmed.

Affirmed.

WOMBACHER and SCOTT, JJ., concur.