(No. 68937.—

(No. 68952.—

GUADALUPE DeLUNA, Indiv. and as Special Adm'r of the Estate of Alicia DeLuna, Deceased, Appellee, v. ST. ELIZABETH'S HOSPITAL *et al.*, Appellants.

*Opinion filed February 20, 1992.—Rehearing denied March 30, 1992.*

58

BILANDIC and FREEMAN, JJ., took no part.

CLARK, J., dissenting.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark and Lisa S. Simmons, of counsel), for appellant Michael Treister.

Robert Marc Chemers, of Pretzel & Stouffer, Chrtd.,

of Chicago (Michael A. Clarke and Scott O. Reed, of counsel), for appellant St. Elizabeth's Hospital.

Barbara J. Clinite, of Chicago, for appellee and *pro se* as *amicus curiae.*

Michael W. Rathsack, of Chicago (Eloy Burciaga, of counsel), for appellee.

Calvin Sawyier and Michael V. Hasten, of Winston & Strawn, and John B. Simon, Russ M. Strobel and Elizabeth R. Bacon Ehlers, of Jenner & Block, all of Chicago, and Saul J. Morse and Barbara Ballin Collins, of Morse, Giganti & Appleton, of Springfield, for *amicus curiae* Illinois State Medical Society.

Marie A. Bufalino and Mark D. Deaton, of Naperville, for *amicus curiae* Illinois Hospital Association.

Stanley J. Davidson, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for *amicus curiae* Metropolitan Chicago Healthcare Council.

Marvin Kamensky, Michael G. Erens and Samuel J. Betar III, of Kamensky & Rubinstein, of Lincolnwood, for *amicus curiae* Associated Physicians Insurance Company.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The present appeals concern the constitutionality of section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). Under that provision, an attorney representing a plaintiff in a healing art malpractice action, or the plaintiff himself, if proceeding *pro se*, must attach to the complaint both an affidavit declaring that the attorney or *pro se* plaintiff has consulted with a health professional who believes that there is merit to the action, and the report of the professional

stating the basis for that determination. Submission of those documents may in certain instances be postponed until after commencement of the action. Failure to file the required documents will result in dismissal of the action. In the present case, the circuit court dismissed the plaintiff's actions against the defendants, St. Elizabeth's Hospital and Dr. Michael Treister, when the plaintiff failed to submit the affidavits and reports required by section 2—622. The plaintiff appealed from the dismissal orders, challenging the constitutionality of the statute. The appellate court declared the provision unconstitutional. (184 Ill. App. 3d 802.) We allowed the defendants' separate petitions for leave to appeal (107 Ill. 2d Rules 315, 317).

The plaintiff filed a six-count complaint in the circuit court of Cook County on April 16, 1986. Counts I through III were brought against St. Elizabeth's Hospital, and counts IV through VI were brought against Dr. Michael Treister. The plaintiff sought recovery from each of the defendants under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. 1, 2), the Survival Act (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6), and the family expense act (Ill. Rev. Stat. 1985, ch. 40, par. 1015). In his complaint, the plaintiff alleged that his wife, Alicia DeLuna, was admitted to St. Elizabeth's Hospital for treatment of her lumbar spine and that on April 7, 1986, she underwent a laminectomy, performed by Dr. Treister. The complaint further alleged that during the course of the operation the decedent's common iliac artery was severed and that she died the following day as a result of massive internal bleeding.

The plaintiff failed to file the certificates and reports required by section 2—622, and different trial judges subsequently granted the defendants' separate motions to dismiss the plaintiff's action for his failure to comply with the statute. The dismissal of the plaintiff's action

against Dr. Treister was made with prejudice, while the dismissal with respect to St. Elizabeth's Hospital was made without prejudice. Both orders, however, contained language permitting an immediate appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

On the plaintiff's appeal from the dismissal orders, the appellate court declared section 2—622 unconstitutional. (184 Ill. App. 3d 802.) The appellate court believed that the requirements of the statute infringed on the power of the judiciary and constituted an invalid delegation of judicial power. Declining to follow several earlier decisions of the appellate court upholding the validity of section 2—622, the court reasoned that a litigant seeking to pursue a medical malpractice action was improperly put to the burden of having the action approved in advance by a health professional. In the appellate court's view, the statute "impermissibly confers upon health professionals a judicial role." (184 Ill. App. 3d at 807.) Dr. Treister and St. Elizabeth's Hospital separately filed petitions for leave to appeal pursuant to Supreme Court Rules 315 and 317 (107 Ill. 2d Rules 315, 317). We allowed both appeals and consolidated the matters for purposes of oral argument and disposition. The following organizations and individual were granted leave to submit briefs as *amici curiae*: the Illinois State Medical Society, the Associated Physicians Insurance Company, the Illinois Hospital Association, the Metropolitan Chicago Healthcare Council, and Barbara J. Clinite. 107 Ill. 2d R. 345.

Section 2—622 is applicable to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a).) The plaintiff's attorney or the plaintiff himself, if proceeding *pro se*, must attach to the complaint an affidavit stating that he has

consulted with a health professional in whose opinion there is "reasonable and meritorious cause" for the filing of the action. The health professional's written report indicating the grounds for that determination must also be submitted. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1).) The plaintiff chooses his own health professional from among those qualified within the terms of the statute. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1) (as amended by Pub. Act 86—646, §1, eff. Sept. 1, 1989).) If the applicable statute of limitations is near expiration, the action may be commenced without filing the required certificate and report, and the required documents may then be submitted within 90 days thereafter. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(2).) A similar extension of time is available if there is difficulty in obtaining necessary medical records. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(3).) In cases involving multiple defendants, a separate certificate and report must be filed with respect to each defendant. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(b).) Failure to file the documents required by section 2—622 "shall be grounds for dismissal under Section 2—619." (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(g).) Section 2—622 governs actions filed on or after its effective date, August 15, 1985. Ill. Rev. Stat. 1987, ch. 110, par. 2—622(h).

Section 2—622 is designed to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted. (See *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655.) The provision was part of the medical malpractice reform legislation enacted by the General Assembly in 1985 in response to what was perceived to be a crisis in the area of medical malpractice. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 229.) The constitutionality of a number of other provisions contained in the same legislative vehicle, Public Act 84—7,

was previously considered by this court in *Bernier v. Burris* (1986), 113 Ill. 2d 219. Section 2—622, however, was not among the statutory provisions at issue in *Bernier*; the plaintiff in that case deemed section 2—622 a more effective means of screening out frivolous suits than certain other provisions that were challenged there. *Bernier*, 113 Ill. 2d at 252.

The plaintiff contends in the present appeal that section 2—622 is unconstitutional because it violates the separation of powers principle, deprives litigants of access to the courts, denies equal protection and due process, and is invalid special legislation. The appellate court considered only the plaintiff's first challenge to the statute and found the provision invalid on that ground. In light of that result, the appellate court did not rule on the plaintiff's remaining challenges to the validity of the legislation. Other districts of the appellate court, however, have affirmed the constitutionality of section 2—622, rejecting many of the same arguments made by the plaintiff here. (*Sakovich v. Dodt* (3d Dist. 1988), 174 Ill. App. 3d 649; *Alford v. Phipps* (4th Dist. 1988), 169 Ill. App. 3d 845; *Bloom v. Guth* (2d Dist. 1987), 164 Ill. App. 3d 475.) The constitutionality of section 2—622 was also before this court in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, but the appeal was resolved on a different ground.

Similar statutory provisions concerning medical malpractice actions have been upheld against constitutional challenges in other States. (See *Adams v. Roses* (1986), 183 Cal. App. 3d 498, 506, 228 Cal. Rptr. 339, 344 (rejecting, under rational basis test, equal protection challenge to statute requiring that plaintiff's attorney file, on or before date of service of process, certificate containing declaration that attorney has consulted with medical expert and that attorney believes action has merit, or has been unable to obtain consultation with

three different physicians; extension of time for obtaining consultation is allowed if limitations period is near expiration); *Robinson v. Pleet* (1988), 76 Md. App. 173, 180-81, 544 A.2d 1, 4-5 (no violation of State constitutional right to jury trial in dismissal of action for failure to comply with statute requiring plaintiff to file, within 90 days from date of complaint, certificate of expert attesting to elements of cause of medical malpractice action); see also *Fortier v. Traynor* (N.D. 1983), 330 N.W.2d 513, 516-17 (statute requiring plaintiff to submit, within three months of commencement of action or within time allowed by court, "admissible expert opinion" in support of medical malpractice action operates as statute of limitations; "admissible expert opinion" not required in certain specified instances involving an "obvious occurrence" of malpractice, and statute is, "to an extent, a codification of existing case law").) A statutory provision requiring that notice of a medical malpractice claim be provided to the defendant prior to the commencement of the action was invalidated on State equal protection grounds in *Carson v. Maurer* (1980), 120 N.H. 925, 937-38, 424 A.2d 825, 834-35. In *Carson*, however, the court assessed the challenged statute against an intermediate level of scrutiny (120 N.H. at 932-33, 424 A.2d at 831), an approach expressly rejected by this court in *Bernier*, 113 Ill. 2d at 228.

We observe, at the outset, that legislation is presumed to be valid, and that the party challenging the constitutionality of a statute has the burden of establishing its invalidity. (*Pre-School Owners Association of Illinois, Inc. v. Department of Children & Family Services* (1988), 119 Ill. 2d 268, 275; *Sayles v. Thompson* (1983), 99 Ill. 2d 122, 124-25.) For the reasons set out below, we hold that the challenged provision is not unconstitutional for any of the reasons asserted by the plaintiff and accordingly reverse the judgment of the appellate court.

The plaintiff first argues that section 2—622 violates the separation of powers clause of the Illinois Constitution because it improperly grants a judicial power to health care professionals. The plaintiff submits that the legislature improperly delegated a judicial power to the health care professionals who are empowered to submit affidavits pursuant to the statutory provision challenged here. The appellate court agreed with that argument and struck the provision for those reasons.

A separation of governmental powers is implicit in the three-part structure of State government, under which separate grants of constitutional authority are made to the legislative, executive, and judicial branches. (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 205-06.) In addition, the same concept is expressed directly in article II, section 1, of the Illinois Constitution:

> "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.)

Article VI, section 1, of the Illinois Constitution provides:

> "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." (Ill. Const. 1970, art. VI, §1.)

Discussing the separation of governmental powers effected by the Illinois Constitution, the court in *People v. Bainter* (1989), 126 Ill. 2d 292, 302-03, stated:

> "The Constitution does not specifically delineate which powers are legislative, which are executive, and which are judicial. We have construed the concept of judicial power as including the adjudication and application of law (*People v. Joseph* (1986), 113 Ill. 2d 36, 41) and the procedural administration of the courts (*People v. Walker* (1988), 119 Ill. 2d 465, 474). The legislature, in turn, is vested with the power to enact laws. The legislature may not, however, enact laws that unduly infringe upon the

inherent powers of the judiciary. *Walker*, 119 Ill. 2d at 474.

Although the separation of powers provision clearly distinguishes each of the three branches of State government, it is not designed to achieve a complete divorce among them. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 58.) Inevitably, there will be areas in which the separate spheres of governmental authority overlap, and in which certain functions are shared. (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 208.) Consistent with that principle, this court has upheld legislative enactments pertaining to judicial practice that do not unduly encroach upon inherent judicial powers or conflict with any of our rules. *Walker*, 119 Ill. 2d at 475."

As this court noted in *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 61, "statutory provisions governing procedure are not uncommon." Those legislative measures range from pleading requirements to statutes of limitations; some of the provisions may operate as conditions precedent to maintaining a particular cause of action.

In the present case, we do not consider that a health care professional performing the functions specified by section 2—622 is exercising a judicial function. Here, the health professional who must be consulted under section 2—622 does not exercise a judicial power. Rather, the health professional simply certifies that in his opinion the action has reasonable merit. Expression of that opinion does not become a judicial power simply because the failure to comply with the statute by submitting the certification of the health professional may result in dismissal of the action. Moreover, the statute permits the plaintiff to select his own health professional in obtaining the required certification, and we need not consider here whether our result would be the same if the statute designated a specific person or panel to perform that function.

Accordingly, we find distinguishable the provisions invalidated in *Bernier v. Burris* (1986), 113 Ill. 2d 219 (medical malpractice review panel), *In re Contest of the Election for the Office of Governor & Lieutenant Governor* (1983), 93 Ill. 2d 463 (three-judge election contest panel), *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313 (medical malpractice review panel), and *People ex rel. Rice v. Cunningham* (1975), 61 Ill. 2d 353 (three-judge death penalty panel). In each of those cases the challenged provisions were found to be unconstitutional because they created a new court or operated as an infringement on the constitutional authority of the courts.

A consideration of the function performed by the health professional under section 2—622 in making the required certification demonstrates that his task in that regard is essentially no different from the function he is later called upon to perform at trial. In medical malpractice cases, the applicable standard of care and its breach must normally be established through expert testimony. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 297; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 242.) Clearly, giving such testimony at trial does not constitute the exercise of a judicial function. By the same token, there can be no claim that requiring the submission of similar information when an action is filed operates as a delegation of judicial authority, improper or not. Section 2—622 merely accelerates the time by which an expert opinion must be obtained. That section 2—622 requires the submission of a health professional's report even in cases in which expert testimony might not be necessary at trial (see *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 256-57) merely reflects the legislature's assessment of the statute's desired scope.

The requirement imposed by section 2—622 in healing art malpractice cases serves the same end as that of

other provisions that have as their purpose the elimination or curtailment of frivolous actions. In all cases there already exists a separate obligation that attorneys, and *pro se* litigants as well, ensure that "every pleading, motion, and other paper" they sign is based on fact and made in good faith. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—611, 2—611.1; 134 Ill. 2d R. 137 (preempts section 2—611).) Patterned after section 2—611 of the Code of Civil Procedure, Supreme Court Rule 137 provides, in pertinent part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Under Rule 137, sanctions may be imposed for violations of its provisions.

While the consequences of noncompliance with Supreme Court Rule 137 and section 2—622 are different, the burdens imposed by the two provisions are similar. In fact, obtaining a health professional's review pursuant to section 2—622 would appear, in many cases, to be a necessary concomitant of fulfilling the separate obligation, imposed first by statute and now by rule, requiring that pleadings, motions, and other papers be based on fact and filed in good faith. It would be inconsistent to require parties in all instances to undertake reasonable investigation of the grounds for their actions, yet invalidate what would only be a reasonable step in that process in cases involving healing art malpractice.

In sum, the health professional who supplies the certification required by section 2—622 makes no judicial determination and exercises no judicial function. Nor, in fact, does the legislation operate to establish a new court, in violation of the constitution. Unlike the review panel provisions invalidated in *Bernier* and *Wright*, the procedure at issue here does not establish a new court or require the judge to share his authority with others. Indeed, the health professional consulted pursuant to section 2—622 issues no ruling and decides no legal question. The statute merely requires a litigant to submit, in a timely manner, certification declaring the meritorious basis for the alleged cause of action.

The plaintiff next contends that section 2—622 is unconstitutional because it denies healing art malpractice litigants access to the courts. The plaintiff in the present case derives the right of court access from the "certain remedy" provision of the Bill of Rights of the Illinois Constitution. The appellate court in the present case, having invalidated section 2—622 on separation of powers grounds, did not reach the plaintiff's court-access argument.

Article I, section 12, of the Illinois Constitution provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." (Ill. Const. 1970, art. I, §12.)

Corresponding provisions found in previous Illinois Constitutions (see Ill. Const. 1870, art. II, §19; Ill. Const. 1848, art. XIII, §12; Ill. Const. 1818, art. VIII, §12) have been regarded as "an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form or that the nature of the proof necessary to the award of a judgment or decree continue without

modification." (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 277.) The same view continues in force and guides the interpretation of the "certain remedy" provision of the current Illinois Constitution. *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 424; *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 383; *People v. Dowery* (1975), 62 Ill. 2d 200, 207-08.

As we have already noted, the legislature may, consistent with the separation of powers principle, impose requirements governing matters of procedure and the presentation of claims. Such measures do not fail on constitutional grounds simply because noncomplying actions may suffer dismissal. "It is well established that the legislature may impose reasonable limitations and conditions upon access to the courts." (*Buzz Barton*, 108 Ill. 2d at 383.) It should be apparent from the preceding discussion that section 2—622 does not unconstitutionally infringe on litigants' right of access to the courts. The provision challenged here merely requires a litigant to obtain, before trial, a certificate from an appropriate health care professional stating that the alleged cause of action is meritorious. As we have already demonstrated, the provision is essentially no different from the parallel requirement generally applicable in malpractice cases that the plaintiff in such an action present expert testimony to demonstrate the applicable standard of care and its breach.

*Amicus curiae* Barbara J. Clinite makes the related contention that the statute violates a litigant's right of access to the courts under the petition clause of the first amendment of the United States Constitution (U.S. Const., amend. I). We do not agree. The first amendment right to petition for redress does not disable the legislature and the courts from imposing procedural requirements governing the prosecution and presentation of claims. Moreover, the first amendment protection af-

forded to private litigation is limited, by definition, to nonfrivolous actions. (*Bill Johnson's Restaurants, Inc. v. National Labor Relations Board* (1983), 461 U.S. 731, 743, 76 L. Ed. 2d 277, 289, 103 S. Ct. 2161, 2170; see *In re Jafree* (1982), 93 Ill. 2d 450, 457 (imposing sanctions on respondent for filing frivolous actions not violative of first amendment).) The present statute is intended to eliminate frivolous suits, and it imposes no greater burden on healing art malpractice litigants than that generally required of such litigants at the time they establish their claims.

The plaintiff's final constitutional challenges to section 2—622 include the arguments that the provision violates the equal protection and due process clauses of both the Federal and State Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) and is special legislation in violation of the Illinois Constitution (Ill. Const. 1970, art. IV, §13). The plaintiff contends that because the statute burdens a litigant's fundamental right of access to the courts, a standard stricter than the generally applicable test of rationality review must be used in resolving these challenges. We have already determined, however, that section 2—622 does not unconstitutionally burden the right of access to the courts. As demonstrated in prior cases, the appropriate test to be used in resolving the issue is whether the challenged legislation bears a rational relationship to a legitimate governmental interest. We conclude that it does.

Section 2—622 does not "implicate a suspect or quasi-suspect classification, and accordingly the appropriate standard for determining the plaintiff's equal protection challenge[ ] under the Illinois and Federal constitutions is whether the legislation bears a rational relationship to a legitimate governmental interest. (*McDonald v. Board of Election Commissioners* (1969), 394 U.S. 802, 809, 22 L. Ed. 2d 739, 745, 89 S. Ct. 1404, 1408; *Illinois Hous-*

*ing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 119-20.) This standard applies as well to the additional argument that the provision[ ] violate[s] the State constitutional prohibition against special legislation (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 477-78; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 315), for although the guarantee of equal protection and the prohibition against special legislation are not identical, they are 'generally judged by the same standard' (*Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 368). Similarly, we do not believe that the provision[ ] here burden[s] a fundamental right, and for our purposes here the appropriate inquiry under due process is whether the legislation bears a rational relationship to a legitimate governmental interest. *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 488, 99 L. Ed. 563, 572, 75 S. Ct. 461, 464; *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 368." *Bernier v. Burris* (1986), 113 Ill. 2d 219, 228-29.

Testing the challenged measure against the rational relationship test, we have no difficulty in concluding that section 2—622 is rationally related to a legitimate governmental interest. Applying that test to the provision, it is at once apparent that the statute is sufficiently tailored to serve the legislative purpose it was designed to fulfill. As we have noted, the statute is intended to reduce the number of frivolous actions that may otherwise be filed. By requiring litigants to obtain, at an early point, the opinion of an expert who agrees that a meritorious cause of action exists, the statute will help ensure that only claims with some merit are presented. Finally, the plaintiff raises the additional argument that the provision is unconstitutionally vague because there are no precise standards defining whether an action is "meritorious" or not. We do not agree. The term is sufficiently precise to enable the necessary health professional to de-

termine whether the litigant has reasonable grounds for pursuing the action. See *Chastek v. Anderson* (1981), 83 Ill. 2d 502.

Besides arguing for the constitutionality of the statute, defendant St. Elizabeth's Hospital has asked, in the alternative, that the appeal against it be dismissed. The hospital observes that the order entered by the circuit court dismissing that portion of the plaintiff's action against it was made without prejudice and therefore could not be made final through the addition of the language contemplated by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). We agree. An order dismissing an action without prejudice is not final. A nonfinal order cannot be made final simply by declaring that there is no just reason to delay its enforcement or appeal. *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115; *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66-67.

The plaintiff requests that if the statute is upheld, the action against Dr. Treister be remanded so that the necessary affidavit and report may then be filed. It appears, however, that the plaintiff was choosing in the circuit court to challenge the constitutionality of the provision. We therefore decline to order further proceedings. As a final matter, we note that the plaintiff, then represented by different counsel, moved to strike portions of defendant Treister's brief before this court. The challenged material consists of certain reports and news articles regarding the proposal and enactment of the legislative package containing the statute challenged here. We ordered the motion taken with the case, and now deny it. Contrary to the plaintiff's view, the material does not improperly expand the factual record developed in the courts below.

For the reasons stated, the judgment of the appellate court in cause No. 68937 is reversed, and in cause No.

68952 the judgment is vacated and the appeal is dismissed.

*No. 68937—Judgment reversed.*
*No. 68952—Judgment vacated;*
*appeal dismissed.*

JUSTICES BILANDIC and FREEMAN took no part in the consideration or decision of this case.

JUSTICE CLARK, dissenting:

I agree with the well-reasoned opinion of the appellate court that section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622) is unconstitutional in that it violates the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1). I therefore dissent.

The separation of powers clause of our constitution provides:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.)

Although "[t]he Constitution does not specifically delineate which powers are legislative, which are executive, and which are judicial" (*People v. Bainter* (1989), 126 Ill. 2d 292, 302-03), section 1 of article VI of the constitution (Ill. Const. 1970, art. VI, §1) does vest "the exclusive and entire judicial power in the courts" (*Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 322).

It is clear that "[t]he application of principles of law is inherently a judicial function." (*Wright*, 63 Ill. 2d at 322; see also 147 Ill. 2d at 68, quoting *Bainter*, 126 Ill. 2d at 303 (" 'We have construed the concept of judicial power as including the adjudication and application of law' ").) Therefore, the legislature is generally prohibited from granting persons, who are not members of the judi-

ciary, authority to apply principles of law to the facts of a case. (See *Wright*, 63 Ill. 2d at 322.) The sole exception to this general rule is that the legislature can grant an administrative agency authority to apply or construe legal principles in resolving questions that are before the agency. (See *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 181-82.) However, where such authority is granted, the doctrine of separation of powers requires that the judiciary be given an adequate opportunity to review the agency's application of legal principles. *City of Waukegan*, 57 Ill. 2d at 181-82.

Section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622) grants health care professionals authority to apply legal principles in reviewing medical malpractice cases. Under section 2—622, a plaintiff who seeks to file an action for damages arising from medical malpractice must first have a health care professional review the facts in his case to determine whether the plaintiff has "a reasonable and meritorious cause for filing" the action. To make such a determination in a medical malpractice case, a health care professional must first determine the applicable standard of conduct, and then decide whether the defendant's conduct measured up to that standard. The applicable standard of conduct, however, can only be determined by applying the legal test for standard of conduct (*i.e.*, "the standard of conduct *** is that of a reasonable man under like circumstances" (Restatement (Second) of Torts §283, at 12 (1965))) to the facts of the case (Restatement (Second) of Torts §285(d), at 20 (1965)). Therefore, in order to decide whether to certify a cause of action as meritorious, a health care professional must apply legal principles to the facts of the case.

Unlike cases involving an agency's application of legal principles, a health care professional's application of legal principles under section 2—622 is not subject to judi-

cial review. Rather, if the health care professional finds that there is no "reasonable and meritorious cause for filing" the action, and the plaintiff is unable to find another health care professional who would conclude otherwise, any complaint filed by the plaintiff must be dismissed by the trial court under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(g).) Section 2—622 therefore grants health care professionals authority to usurp the judiciary's role in applying principles of law to the facts of a case. Legislation which allows such usurpation of judicial authority, without a possibility for judicial review, violates the doctrine of separation of powers. See *Bainter*, 126 Ill. 2d at 303.

The majority does not believe that a health care professional performing the functions specified by section 2—622 exercises a judicial power. Instead, according to the majority, a health care professional acting pursuant to section 2—622 "simply certifies that in his opinion the action has reasonable merit. Expression of that opinion does not become a judicial power simply because the failure to comply with the statute by submitting the certification of the health professional may result in the dismissal of the action." 147 Ill. 2d at 69.

I agree that a health care professional's mere expression of his opinion as to whether a cause of action is meritorious does not constitute a judicial function. However, before a health care professional can develop such an opinion, the health care professional must first review the facts of the case, determine the applicable standard of care, and decide whether that standard of care was met. As I have explained, such a process involves the application of legal principles to the facts of the case, a process which, until this case, had always been recognized as being exclusively a judicial function.

The majority later argues that "the function per-
formed by the health professional under section 2—622
*** is essentially no different from the function he is
later called upon to perform at trial." (147 Ill. 2d at 70.)
This simply is not true. At trial, it may be necessary for
a health care professional to testify as to his opinion of
what the applicable standard of care was in a certain
case. (See *Addison v. Whittenberg* (1988), 124 Ill. 2d
287, 297; but see *Walski v. Tiesenga* (1978), 72 Ill. 2d
249, 256-57 (no expert testimony needed to establish
standard of care "where the physician's conduct is so
grossly negligent or the treatment so common that a lay-
man could readily appraise it").) However, the health
care professional's opinion does not conclusively estab-
lish the standard of care. Rather, the trier of fact, after
applying the appropriate legal principles to the evidence
in the case (including the health care professional's testi-
mony), ultimately determines the applicable standard of
care. See *Walski*, 72 Ill. 2d at 258-62.

Under section 2—622, however, health care profes-
sionals do more than merely provide evidence as to
standard of care. Instead, they must actually decide
themselves the applicable standard of care. Thus, health
care professionals acting pursuant to section 2—622
must perform the judicial function normally reserved for
the trier of fact.

The majority also gives a number of other reasons in
support of its conclusion that section 2—622 is consistent
with the doctrine of separation of powers. The majority
notes that " 'statutory provisions governing procedure
are not uncommon.' Those legislative measures range
from pleading requirements to statutes of limitations;
some of the provisions may operate as conditions prece-
dent to maintaining a particular cause of action." (147
Ill. 2d at 69, quoting *Strukoff v. Strukoff* (1979), 76 Ill.
2d 53, 61.) This statement suggests that section 2—622

is constitutional because it is simply a statutory provision governing procedure.

It is certainly true that the legislature shares concurrent jurisdiction with this court to regulate procedural aspects of judicial practice. (See *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281.) However, under the doctrine of separation of powers, legislative attempts at regulating judicial practice which "unduly infringe upon the inherent powers of the judiciary" are unconstitutional. (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149.) Section 2—622, in allowing health care professionals authority to usurp the inherently judicial function of applying legal principles to the facts of a case, unduly infringes upon the judiciary's inherent powers. Furthermore, the majority is incorrect in characterizing section 2—622 as being a statute that merely governs procedure.

Procedural requirements, by definition, govern *procedural* aspects of a case; they do not involve questions concerning the substantive *merits* of a case. Section 2—622, on the other hand, explicitly requires that a health care professional review the facts of a case to determine whether there is a "reasonable and *meritorious*" cause of action. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622.) Because section 2—622 requires a determination as to the merits of a case, it cannot properly be characterized as being a statute that merely governs procedure.

Another reason given by the majority for its decision is that section 2—622 serves the same purpose as Supreme Court Rule 137 (134 Ill. 2d R. 137) in that section 2—622 is intended to curtail or eliminate frivolous suits. (147 Ill. 2d at 70-71.) According to the majority, "the burdens imposed by the two provisions are similar *** [and] [i]t would be inconsistent to require parties in all instances to undertake reasonable investigation of the grounds for their actions [as required by Rule 137], yet

invalidate what would only be a reasonable step in that process in cases involving healing art malpractice." 147 Ill. 2d at 71.

The majority improperly focuses upon the effects that section 2—622 may have upon *plaintiffs*. In assessing legislation under the doctrine of separation of powers, however, the only relevant inquiry is whether the legislation has any effect upon the *judiciary's* exercise of its inherent powers. Legislation which unduly infringes upon the judiciary's exercise of its inherent judicial powers violates the doctrine of separation of powers, whether the legislation has any effect upon litigants or not. See *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66.

The majority also fails to recognize several key distinctions between Rule 137 and section 2—622. Rule 137 is a requirement imposed upon the judiciary by this court under this court's constitutionally authorized rulemaking authority (see Ill. Const. 1970, art. VI, §16), while section 2—622 is a requirement imposed upon the judiciary by the legislature. Furthermore, under Rule 137, it is the trial court that reviews the facts and the law pertaining to a case to determine whether a pleading is so lacking in merit as to necessitate sanctions. Under section 2—622, however, a health care professional assesses the merits of a case. Finally, Rule 137 imposes no requirement upon the judiciary, but rather leaves to the discretion of the trial judge the question of whether sanctions should be imposed. Section 2—622, on the other hand, mandates that trial judges must dismiss medical malpractice complaints if a health care professional has not first certified that the complaint contains a meritorious cause of action.

In sum, Rule 137 is a judicially promulgated rule which does not take away trial judges' exclusive authority to apply principles of law in determining whether a

cause of action is meritorious. Thus, Rule 137 attempts to curtail the filing of frivolous lawsuits in a manner that is entirely consistent with the doctrine of separation of powers. Section 2—622, on the other hand, is a legislatively imposed requirement on the judiciary which requires the usurpation of judicial power by health care professionals. Section 2—622, therefore, attempts to achieve the same goals as Rule 137, but in a manner which violates the doctrine of separation of powers. I see nothing that would be inconsistent about this court's enforcing the constitutional requirements of Rule 137, while at the same time invalidating the unconstitutional requirements of section 2—622.

A final reason given by the majority in support of its conclusion is that "the statute permits the plaintiff to select his own health professional in obtaining the required certification." (147 Ill. 2d at 69.) Although this statement is true, the fact remains that section 2—622 requires the application of legal principles by someone who is not a member of the judiciary. Such a statutory requirement violates the doctrine of separation of powers.

This court long ago recognized that "[i]t is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department." (Agran v. Checker Taxi Co. (1952), 412 Ill. 145, 149.) The majority, in holding that the legislature has a right to grant health care professionals the unreviewable power to decide whether medical malpractice actions should be allowed to be brought before the courts, has failed to fulfill its duty. If such a right exists in the medical malpractice context, what will prevent the legislature from enacting similar statutes in other areas of law? Could the legislature require, for example, that persons seeking to challenge the constitutionality of a statute first obtain the approval of an expert in constitutional law, or that persons seeking a

dissolution of marriage first obtain approval of a marriage counsellor?

Because I believe that section 2—622 is unconstitutional under the doctrine of separation of powers, I respectfully dissent.