2019 IL App (1st) 190342-U

FIFTH DIVISION
Order filed: November 22, 2019

No. 1-19-0342

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARCUS LEWIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 15 L 7598 |
| | ) | |
| | ) | |
| ANDREW FINKO, | ) | Honorable |
| | ) | Daniel J. Kubasiak, |
| Defendant-Appellee. | ) | Judge, Presiding. |
| | ) | |
| | ) | |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's denial of the plaintiff's section 2-1401 petitions as the orders to which the petitions were addressed are not final orders.

¶ 2    The plaintiff, Marcus Lewis, appeals *pro se* from an order of the circuit court of Cook

County denying his three petitions to vacate orders pursuant to section 2-1401 of the Code of

Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). For the reasons which follow, we affirm the judgment of the circuit court.

¶ 3   The plaintiff filed the instant action against the defendant, Andrew Finko, an attorney, asserting claims arising from the termination of the plaintiff's employment with the United States Postal Service (USPS) for violating the Hatch Act (5 U.S.C. §7321 *et seq.* (1994)). The circuit court dismissed the plaintiff's original complaint on December 21, 2016, "without prejudice," and he was allowed to file an amended complaint on December 27, 2016. On April 26, 2017, the circuit court dismissed the plaintiff's amended complaint, "with prejudice." However, on July 25, 2017, the circuit court vacated the "with prejudice" dismissal order of April 26, 2017, and the plaintiff was granted leave to file a second amended complaint. The plaintiff filed a third amended complaint on August 22, 2017, but withdrew that complaint on December 14, 2017, and was granted leave to file a fourth amended complaint. On January 3, 2017, the circuit court dismissed the plaintiff's fourth amended complaint, but again granted the plaintiff leave to file a fifth amended complaint.

¶ 4   On February 14, 2018, the plaintiff filed his three-count fifth amended complaint against the defendant, alleging actions for breach of contract, civil conspiracy, and negligence. The plaintiff alleged that, as a result of the defendant's failure to file an appearance on his behalf before the federal Merit Systems Protection Board and file an answer to the complaint filed against him by the United States Office of Special Counsel alleging that he violated the Hatch Act, a default judgment was entered against him and he was terminated from his employment with the USPS. The defendant moved to dismiss all three counts of the plaintiff's complaint. On June 12, 2018, the circuit court granted the motion, with prejudice, pursuant to section 2-615 of

the Code (735 ILCS 5/2-615 (West 2016))[1], and on August 8, 2018, denied the plaintiff's postjudgment motions to vacate the June 12, 2018 order of dismissal and for leave to file an amended complaint. On August 8, 2018, the plaintiff filed his notice of appeal from the circuit court's orders of June 12, 2018, and August 8, 2018. On May 10, 2019, this court affirmed the circuit court's orders dismissing the plaintiff's fifth amended complaint, denying his motion to vacate that dismissal, and denying his motion for leave to file an amended complaint. *Lewis v. Finko*, 2019 IL App (1st) 181694-U (*Lewis I*).

¶ 5 On November 26, 2018, and while *Lewis I* was pending before this court, the plaintiff filed three separate petitions pursuant to section 2-1401 of the Code addressed to the circuit court's orders of December 21, 2016, April 26, 2017, and July 25, 2017, respectively. It appears that, on November 27, 2018, the plaintiff re-filed the same three petitions. On February 8, 2019, the circuit court entered an order denying the plaintiff's three section 2-1401 petitions, finding that the plaintiff "failed to meet his burden in setting forth three legally sufficient section 2-1401 petitions to vacate." On February 19, 2019, the plaintiff filed his notice of appeal. As this appeal is taken from the circuit court's denial of three section 2-1401 petitions, our jurisdiction attaches pursuant to Illinois Supreme Court Rule 304(b)(3) (Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016)).

¶ 6 By its very terms, section 2-1401 of the Code provides the procedure by which a party may seek "[r]elief from *final orders and judgments*, after 30 days from the entry thereof." (Emphasis added.) 735 ILCS 5/2-1401(a) (West 2018). Although a petition brought pursuant to section 2-1401 of the Code must be filed in the same proceeding in which the order or judgment to which it is addressed was entered, it is not a continuation of that proceeding. See 735 ILCS 5/2-1401(b) (West 2018). It is a separate action. *Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505

---

[1] The defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)) and the circuit court dismissed the plaintiff's fifth amended complaint solely pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)).

(1960); *Stolfo v. Kindercare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 11.

¶ 7     Section 2-1401 of the Code is the procedural mechanism by which final judgments and orders may be vacated more than 30 days after their entry. If an order is not a final order, section 2-1401 of the Code is inapplicable and cannot be employed to vacate that order. *S.C. Vaughan Oil Company v. Caldwell, Trout & Alexander*, 181 Ill. 2d 489, 497 (1998). "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Company*, 217 Ill. 2d 221, 232-233. (2005). "A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Id.*

¶ 8     None of the orders to which the plaintiff's three section 2-1401 petitions are addressed is a final order. The order of December 21, 2016, dismissed the plaintiff's original complaint, without prejudice. Orders of dismissal "without prejudice" are not final orders. *DeLuna v. St. Elizabeth Hospital*, 147 Ill. 2d 57, 76 (1992). Although the circuit court's order of April 26, 2017, dismissed the plaintiff's amended complaint "with prejudice," that order was vacated on July 25, 2017, and the plaintiff was granted leave to file a second amended complaint. An order dismissing a complaint, but granting the plaintiff leave to file an amended complaint, is not a final order. *Palm v. 2800 Lake Shore Drive Condominium Association*, 2013 IL 110505, ¶ 21. The circuit court's order of July 25, 2017, granting the plaintiff leave to file his second amended complaint rendered the dismissal order of April 26, 2017, non-final and was, in itself, a non-final order.

¶ 9     As the defendant correctly points out, we may affirm the circuit court for any reason appearing in the record. *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 192. Although the

circuit court addressed the merits of the three petitions that the plaintiff filed on November 26, 2018, and re-filed on November 27, 2018, it is clear that the petitions were addressed to non-final orders. Consequently, no relief could be granted to the plaintiff pursuant to section 2-1401 of the Code. It is for this reason that we affirm the circuit court's order of February 8, 2019, denying the plaintiff's three section 2-1401 petitions.

¶ 10     Affirmed.