NOTICE

Decision filed 10/25/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190408-U

NO. 5-19-0408

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| PHILLIP S. GRIGALANZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 19-MR-87 |
| | ) | |
| GLEN AUSTIN, Acting Warden, Graham | ) | |
| Correctional Center, | ) | Honorable |
| | ) | James L. Roberts, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1 *Held*: Because the trial court's order of dismissal was without prejudice, it was not a final order, and this court does not have jurisdiction.

¶ 2 The plaintiff, Phillip S. Grigalanz, appeals *pro se* the *sua sponte* dismissal without prejudice of his complaint for *habeas corpus* relief. We dismiss for lack of jurisdiction.

¶ 3 BACKGROUND

¶ 4 The plaintiff is currently incarcerated following his 2017 plea of guilty to one count of child pornography in violation of section 11-20.1(a)(1)(vii) of the Criminal Code of

2012 (720 ILCS 5/11-20.1(a)(1)(vii) (West 2016)). He is serving a 17-year sentence, with an expected 3-year term of mandatory supervised release.

¶ 5    In August of 2019, the plaintiff filed a complaint for *habeas corpus* seeking immediate release from custody, alleging that his plea was defective because he lacked informed consent and that the trial court exceeded its authority.

¶ 6    On August 29, 2019, the circuit court dismissed the complaint *sua sponte*, as the complaint stated no claim for *habeas* relief. The court emphasized that the plaintiff "acknowledges his present commitment in IDOC [(Illinois Department of Corrections)] is the result of a negotiated plea and judgment against him [entered] November 13, 2017[,] in the Circuit Court of Jersey County, Illinois," which imposed a "sentence of 17 years IDOC plus 3 years MSR." The court's order reads:

> "Petitioner does not allege that he is imprisoned without court order or process, or that per 5/10-124 the sentencing court lacked or exceeded jurisdiction of his person or the subject matter, or that the final Jersey County judgment and sentence imposed against him have been served or otherwise expired and are exceeding his time of lawful detention, or that some intervening act, omission or event subsequent to his sentence has entitled him to discharge, or that the process is defective in some substantial form or that the law does not allow his imprisonment or arrest or that IDOC lacks authority to detain him, or the process was obtained by false pretense or bribery."

¶ 7    The order further stated that the plaintiff "acknowledges he is serving a sentence of a legally constituted court with appropriate jurisdiction," and that the plaintiff asserted that he had pursued postjudgment motions/petitions regarding the same issues in Jersey County and that his appeal of the judgment and sentence was still pending.

¶ 8 Lastly, the court's order states this "[c]ause is dismissed without prejudice as petitioner may supplement or amend his pleadings if he believes he can remedy these pleading deficiencies." The court went on to state that it was a final and appealable order.

¶ 9 The plaintiff filed this appeal.

¶ 10                                            ANALYSIS

¶ 11 On appeal, the plaintiff argues the circuit court erred in dismissing his complaint for *habeas corpus*, alleging that his plea was defective for lack of informed consent and that the trial court exceeded its authority.

¶ 12 "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008) (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001), and *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). "A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights. [Citations.]" *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 320 (2001). The circuit court may dismiss a petition for a writ of *habeas corpus* that is patently nonmeritorious or insufficient on its face. *Beacham*, 231 Ill. 2d at 59; *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008).

¶ 13 We must first consider the State's argument that we lack jurisdiction because the order appealed is not final.

3

¶ 14 In this case, the judge dismissed the plaintiff's complaint *without prejudice*, allowing the plaintiff to amend his pleadings to provide the facts, should there be any, needed for *habeas* relief. "An order dismissing an action 'without prejudice' is not deemed final for purposes of appeal ***." *Paul H. Schwendener, Inc. v. Jupiter Electric Co.*, 358 Ill. App. 3d 65, 73 (2005). While this court did state that its order was a final, appealable order, " '[a] nonfinal order cannot be made final simply by declaring that there is no just reason to delay its enforcement or appeal.' " *Id.* (quoting *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 76 (1992)). "By its very terms, [the appellate court's] jurisdiction under Supreme Court Rule 304(a) is limited to the review of final orders." *Id.*

¶ 15 Because the trial court's order of August 29, 2019, expressly stated that the dismissal of the plaintiff's *habeas corpus* complaint was without prejudice and gave him leave to supplement or amend his complaint, it is not a final order, and we lack jurisdiction to review it. Consequently, we dismiss the plaintiff's appeal from that order.

¶ 16                                 CONCLUSION

¶ 17 For the foregoing reasons, the judgment of the circuit court of Montgomery County is dismissed.


¶ 18 Appeal dismissed.