2024 IL App (1st) 221781-U

Fourth Division
Filed January 11, 2024

No. 1-22-1781

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST DISTRICT

| | |
|---|---|
| DAUDA ILIYA, | Appeal from the |
| Plaintiff-Appellant, | Circuit Court of Cook County |
| *v.* | No. 22 M3 365 |
| VENTON AUTOS, INC., | The Honorable Martin C. Kelley, |
| Defendant-Appellee. | Judge, presiding. |

JUSTICE OCASIO III delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

### ORDER

¶ 1    *Held:*  The appeal is dismissed because the trial court's order dismissing the complaint without prejudice was not a final, appealable order.

¶ 2    Plaintiff Dauda Iliya appeals *pro se* from the trial court's order dismissing his complaint without prejudice. Because the complaint was dismissed without prejudice, however, the trial court's order was not final, nor was it an appealable interlocutory order. We therefore lack jurisdiction to review that order, so we must dismiss the appeal.

¶ 3                                  BACKGROUND

¶ 4    In June 2022, Iliya filed a complaint seeking $10,000 in compensatory and punitive damages for physical damage sustained to a vehicle he had purchased while it was being transported from Los Angeles to Sacramento by defendant Venton Autos, Inc. (Venton), a now-

dissolved Illinois corporation.[1] After multiple unsuccessful attempts to serve the complaint on Venton at its registered address, Iliya filed a motion asking for permission to use a special service method under section 2-203.1 of the Code of Civil Procedure. See 735 ILCS 5/2-203.1 (West 2022). The next day, October 28, 2022, Iliya appeared in court via Zoom for a status hearing. The record does not contain a transcript, only an order entered by the trial court using form CCM 0346, which listed more than a dozen common orders or dispositions that might be entered during a routine trial call and provided checkboxes for the court to indicate the appropriate order or orders. On the order entered in this case, the court checked the box for "Case Dismissed by Agreement of Parties/No Cost" and another box indicating that the dismissal was "Without Prejudice."

¶ 5    On November 28, 2022, Iliya filed a *pro se* notice of appeal from the dismissal.[2] Then, on December 1, 2022, Iliya filed a *pro se* motion asking the trial court to certify a bystander's report of the October 28, 2022, proceedings. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Although the motion stated that the proposed bystander's report was attached, no such document is included in the record on appeal. On December 16, 2022, the trial court denied Iliya's motion on the basis that it had "no memory" of the proceeding.

¶ 6    In this court, Iliya subsequently filed the common law record, but not a report of proceedings. He also filed a *pro se* brief challenging both the dismissal of his complaint and the trial court's refusal to certify his proposed bystander's report. Iliya attempted to serve his brief on Venton via mail at its registered address and via email at an address listed on the bill of lading found in the record. Unsurprisingly, Venton did not file a brief, so we took the case on Iliya's brief

---

[1]    According to the Secretary of State, Venton Autos Inc. was dissolved on March 11, 2022. See Business Entity Search, ILSOS.gov, https://apps.ilsos.gov/businessentitysearch/ (last visited January 4, 2024) (search by name or by file number 72954653); see also *Country Mutual Insurance Co. v. Under Construction & Remodeling, Inc.*, 2021 IL App (1st) 210600, ¶ 10 n.3 (taking judicial notice of corporate registration information on the Secretary of State's website).

[2]    Iliya's notice of appeal was timely filed on Monday, November 28, 2022, as November 27, 2022, was a Sunday. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017); 5 ILCS 70/1.11 (West 2022).

and the record. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (stating that a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 7                                    ANALYSIS

¶ 8      On appeal, Iliya argues that the trial court erred by dismissing his complaint, and he asks us to reverse and remand for further proceedings. Before reaching the merits of his arguments, however, we have a duty to independently determine whether we have jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 9      In general, we have jurisdiction to review appeals from final orders or judgments. See Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). We only have jurisdiction to review nonfinal orders as provided for by the supreme court rule. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. Here, the record shows that the trial court dismissed Iliya's complaint without prejudice which, by definition, means that he "is not barred from refiling the action." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24. But for precisely that reason, the trial court's dismissal order was not a final order with respect to Iliya. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 76 (1992) ("An order dismissing an action without prejudice is not final."). An order dismissing without prejudice is not appealable as of right. See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). The dismissal order also does not appear to be one that would be appealable by permission under Supreme Court Rule 306(a) (eff. Oct. 1, 2020), and, in any event, Iliya did not file a petition for leave to appeal, which would be a jurisdictional prerequisite. See *Law Offices of Jeffrey M. Leving, Ltd. v. Cotting*, 234 Ill. App. 3d 495,499 (2003). Hence, we lack jurisdiction to review the trial court's nonfinal dismissal order.

¶ 10      In the absence of jurisdiction, we have no choice but to dismiss Iliya's appeal. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). And because the appeal must be dismissed, Iliya's challenge to the trial court's denial of his motion to certify a bystander's report

is moot. See *Fisch v. Loews Cineplex Theatres, Inc.*, 365 Ill. App. 3d 537, 539 (2005) ("An appeal is considered moot *** if events have occurred that make it impossible to grant the complaining party effectual relief.").

¶ 11                                                    CONCLUSION

¶ 12    Because the trial court's order allowing the voluntary dismissal of Iliya's complaint without prejudice was not a final, appealable order, we lack jurisdiction. Accordingly, we must dismiss the appeal.

¶ 13    Appeal dismissed.