Wabash Life Insurance Company, Plaintiff-Appellee, v. Cadillac Associates, Inc., Defendant-Appellant.

Gen. No. 50,806.

First District, Second Division.

June 28, 1966.

Rehearing denied September 12, 1966.

Frank T. Jordan, of Chicago, for appellant.

Zlatnik, Gaines, Boyer and Shepp, of Chicago (Eugene Shepp, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment for plaintiff entered June 18, 1965, in the Circuit Court of Cook County following a trial before the court without a jury. The appellant argues that the finding of the trial court was against the manifest weight of the evidence and also that the court was in error on certain of his rulings concerning the admissibility of evidence.

The appellant is an employment agency which entered into an oral contract with the appellee insurance company to find for the company an insurance man capable of

performing certain duties. Pursuant to this contract, one Robert Stack was hired by the appellee insurance company; this hiring was also done by means of an oral contract. The insurance company paid the employment agency $1,440 as a fee for finding Stack. It was understood between the insurance company and the employment agency that if Stack were to leave his employment without fault on the part of the insurance company within three months of the date of his hiring, the money was to be refunded by the agency. It is undisputed that Stack left the agency before he had been with the company three months. The only issue in this case is whether the agency was the party "at fault."

The insurance company put on two witnesses, both officers of the company, who testified concerning the position to which Stack was hired and the duties which that position carried. They testified that to their knowledge Stack was not asked to do anything that a man in his position would not normally be asked to do. Neither man was present when the president of the company, Mr. Underwood, hired Stack.

Robert Stack was called on behalf of the employment agency and testified that he resigned his position with the insurance company because the work they gave him was not the work for which he was hired. He said that the insurance company wanted him to travel, that in fact he had made a trip for the company, but that when he took the job he specified that he did not want to travel.

■ ■ The court below held that Stack had resigned without fault on the part of the appellee insurance company. This finding is not against the manifest weight of the evidence. There was testimony that Stack was hired to fill a certain position; there was testimony as to what constituted the duties of this position. Both wit-

nesses for the appellee insurance company testified that Stack performed those duties that were normally given to a person in a similar position. The testimony of Stack, of course, differed from that given by the men from the insurance company. The court below was the trier of fact, and we will not interfere with his findings unless they are against the manifest weight of the evidence. Stachnik v. Village of Norridge, 68 Ill App2d 361, 216 NE2d 207 (1966). We do not think the appellant has sustained his burden of showing the finding of fact of the court below to be against the manifest weight of the evidence.

Next, the claim is made that the court below misunderstood the law applicable to the case at bar. The appellant points to one place in the record where the judge said, "Did he resign in this case? As far as you know, do you know whether he resigned of his own free will? Do you know whether he resigned; or was he fired?" The appellant argues from this that the court below understood the issue of the case to be solely whether Stack resigned or was fired, thereby precluding any inquiry as to whether he might have resigned due to some fault on the part of the insurance company. Yet the record shows the judge himself asked Stack about the terms of his employment insofar as what constituted his duties. This would indicate that the court below was prepared to find fault on the part of the insurance company even though Stack resigned provided the facts, in his opinion, warranted such a conclusion. We cannot assume the court below misunderstood the law. Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 210 NE2d 614 (1965).

Another error claimed by the appellant is a ruling by the court that Stack could not testify as to conversations concerning terms of employment held between him and the president of the insurance company because the

president was not in the courtroom at that time. This was clearly error, but later in the proceedings, the judge called Stack back to the stand and questioned him concerning his conversations with the president of the company. Thus, the proffered evidence was admitted, and the error occasioned by the court's original ruling was cured.

■ Another complaint made by the appellant is that the court refused to allow appellant to prove that the president of the insurance company had tried to get Stack a job with another insurance company. We do not think this was error. Such evidence would have no bearing on the issue before the court.

■ ■ We also hold that it was not error for the court to call Stack back to the stand as a court's witness. The appellant has cited cases where the courts have said such conduct was error under the circumstances of those particular trials. The basic reasoning underlying these decisions was the effect the judge's action might have on a jury. In this case the court heard the evidence without a jury. It is the general rule, moreover, that even with a jury, a judge may call a witness as a court's witness as long as his questioning does not indicate his feelings for or against any party or witness. III Wigmore, Evidence, § 784 (3rd Ed 1940). In this case the court asked Stack about his conversations with the president of the insurance company. This testimony had been offered earlier by the appellant but the offer was denied by the court. We have already held this was error, and that this later action by the trial court corrected the error. We cannot see how the appellant was harmed by the admission of evidence which it had sought to put in itself.

In addition, complaint is made of the conduct of the court below during the course of the trial. We have reviewed the record carefully and we do not feel that any-

thing occurred below requiring reversal. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.