## STATE, DEPARTMENT OF PUBLIC SAFETY, v. RICHARD ALLEN STAVAAS.

227 N. W. 2d 819.

March 28, 1975—No. 44838.

*Albert V. Rosenbower,* for appellant.

*Warren Spannaus,* Attorney General, and *Thomas G. Lockhart,* Special Assistant Attorney General, for respondent.

TODD, JUSTICE.

Defendant was arrested and charged with driving while under the influence of an alcoholic beverage. He subsequently pled

guilty to violating Minn. St. 1971, § 169.121, subd. 1(d), driving with a blood alcohol content in excess of .10 percent, such a violation being a petty misdemeanor under that statute.[1] He received notice of revocation of his driver's license under Minn. St. 169.-123, the implied-consent statute, and properly challenged this administrative proceeding in the Municipal Court of Hennepin County. The order of revocation was sustained, and defendant appealed to the district court where a jury trial was held and the order of revocation sustained. We affirm.

On November 3, 1972, defendant was operating his motor vehicle in Robbinsdale, Minnesota, and was stopped by Sergeant Lowell D. Hughes of the Robbinsdale Police Department, who had observed the erratic manner in which the vehicle was being operated. Defendant was informed that he was under arrest for driving while intoxicated and the Miranda warning was read to him. Defendant, in response to a question of the officer, indicated that he understood his constitutional rights. Immediately thereafter, the officer asked defendant to submit to chemical testing. Defendant refused. Defendant was then taken to the police station where the Miranda warning was once again read to him and a request for chemical testing made. Defendant refused and requested to make a telephone call to an attorney, which he was allowed to make. After the phone call, Sergeant Hughes read to defendant an implied-consent advisory form which indicated to defendant that he had been placed under arrest for operating a motor vehicle while under the influence of an alcoholic beverage, that he had refused a request that he take the preliminary screening test provided by law, and then again requested defendant to submit to chemical testing. The form contains the following language:

"However, you may not avoid or delay responding to my request that you submit to a test of your blood or *(breath)* or

---

[1] See, In re Driver's License of LeClaire v. Hoaglund, 296 Minn. 85, 208 N. W. 2d 90 (1973).

*(urine)* in reliance on your rights to remain silent or to consult with an attorney. These rights do not apply merely to the taking of such tests."

The form then states that defendant may lose his license for 6 months if he refuses to take the test. Defendant again refused chemical testing.

Thereafter, defendant pled guilty to violating § 169.121, subd. 1(d), which at the time was a petty misdemeanor. Prior to pleading guilty to this offense, defendant received a letter from the commissioner of public safety advising him that the commissioner had information that defendant had refused chemical testing and that the commissioner would be revoking his license for a period of 6 months 20 days after receipt of the notice. The letter also stated:

"If you have pleaded guilty to the offense of driving while under the influence of an alcoholic beverage, your license will not be revoked under the implied consent law, but will be revoked under M. S. Section 171.17 for the DWI offense; however, it is necessary that you give us the date on which you pleaded guilty and the court before whom you appeared."

Defendant contends on appeal that he was misled by the Miranda warning regarding his right to remain silent and therefore was unable to respond properly to the implied-consent warnings, and that his license cannot be revoked under the implied-consent statute when he has pled guilty to a petty misdemeanor offense. Defendant further raises the constitutional issue of equal protection because of alleged differential treatment of parties who consented to chemical testing, pled guilty under Minn. St. 1971, § 169.121, subd. 1(d), and therefore not subject to revocation.

Defendant relies on our decisions in State, Department of Highways, v. Beckey, 291 Minn. 483, 192 N. W. 2d 441 (1971), and State, Department of Highways, v. Lee, 292 Minn. 473, 194

N. W. 2d 766 (1972), to sustain his position that he was confused by the Miranda warning.

A review of these cases indicates that they do not stand for the proposition that the reading of the Miranda warning and implied-consent warning create reasonable grounds for refusing testing as a matter of law. Rather, we there clearly indicated that there were fact questions to be determined in each case. State, Department of Public Safety, v. Nystrom, 299 Minn. 224, 217 N. W. 2d 201 (1974).

Defendant has submitted the factual question to a jury for consideration and it has been decided adversely to him. We find nothing in the record that would indicate that the jury's findings are manifestly and palpably contrary to the evidence as a whole. See, Smith v. Hencir-Nichols, Inc. 276 Minn: 390, 150 N. W. 2d 556 (1967).

The second issue raised by defendant is controlled by our decision in State, Department of Public Safety v. Mulvihill, 303 Minn. 361, 227 N. W. 2d 813 (1975). We find no merit to defendant's equal protection argument. See, Anderson v. City of St. Paul, 226 Minn. 186, 32 N. W. 2d 538 (1948); Gardner v. County of Itasca, 280 Minn. 51; 157 N. W. 2d 753 (1968).

Affirmed.