THE VILLAGE OF CARY, Plaintiff-Appellee, *v.* DONALD J. JAKUBEK, Defendant-Appellant.

Second District   No. 83—247

Opinion filed January 27, 1984.

Richard C. Kelly, of Kelly & McGlory, of Crystal Lake, for appellant.

Narusis & Narusis, of Cary, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Donald Jakubek, appeals from the trial court's finding of probable cause after an implied consent hearing (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1(c)), which he had requested. On appeal, he raises three assignments of error, none of which have merit.

Defendant's principal contention on appeal is that upon refusal by the motorist to take a blood alcohol test, the officer must determine whether the refusal was owing to confusion in understanding the stated rights or stems merely from a knowledgeable refusal.

The evidence pertinent to this issue was that the officer requested the defendant to take a breathalyzer test and informed him that his refusal to submit to the test would result in a suspension of his license to operate a motor vehicle for six months for the first such arrest and refusal and a suspension of his driving privilege for 12 months for the second and each subsequent arrest and refusal within five years. In response the defendant asserted that he would not take

the test unless he consulted an attorney. Defendant was then provided an opportunity to make a telephone call but was unable to reach his attorney, who was out of town.

Defendant cites no Illinois authority in support of his main contention, and we are unaware of any such authority; rather, defendant relies principally on two cases from other jurisdictions which discuss the interplay between the giving of *Miranda* rights or warnings and a defendant's subsequent refusal to take a breathalyzer test (*Graham v. State* (Alaska 1981), 633 P.2d 211; *Rust v. Department of Motor Vehicles* (1968), 267 Cal. App. 2d 545, 73 Cal. Rptr. 366). While it is true that cases such as *Rust* and *Graham* have held that an officer must advise an arrested person who refuses to submit to a breathalyzer test after being read the *Miranda* rights and warnings that the rights under *Miranda* do not apply to the breathalyzer examination (*Graham v. State* (Alaska 1981), 633 P.2d 211, 214-15; *Rust v. Department of Motor Vehicles* (1968), 267 Cal. App. 2d 545, 546-47, 73 Cal. Rptr. 366, 367-68), other out-of-State cases have held that an officer has no affirmative obligation to clarify the nature of the defendant's right to counsel under *Miranda* in the context of the implied consent law unless the arrestee objectively manifests confusion regarding that right (*e.g., Spradling v. Deimeke* (Mo. 1975), 528 S.W.2d 759, 766, and cases cited therein; *Shoemaker v. State Department of Motor Vehicles* (1974), 11 Wash. App. 860, 861-64, 526 P.2d 908, 909-10). In other words, the reading of the *Miranda* rights and warnings and the implied consent warnings does not create reasonable grounds for refusing a breathalyzer test as a matter of law. *State Department of Public Safety v. Stavaas* (1975), 303 Minn. 371, 373-74, 227 N.W.2d 819, 821.

The fatal flaw in defendant's contention, however, rests in the fact that even if we were to recognize the doctrine espoused in *Rust* and *Graham* that an officer must advise an arrested person who refuses to submit to a breathalyzer test after being read the *Miranda* rights and warnings that the rights under *Miranda* do not apply to the breathalzyer examination, there is no showing in the record in this matter that the defendant was given *Miranda* warnings or that he was in any way confused upon being advised of the consequences of his refusal to take the breathalyzer test.

■ It is manifest that a person arrested for operating a motor vehicle while under the influence of intoxicating liquor has no constitutional right to refuse to submit to a breathalyzer test (*Graham v. State* (Alaska 1981), 633 P.2d 211, 214), nor does section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1) or any other Illinois statute grant the arrestee such a right

to refuse. Furthermore, section 11—501.1 does not require that the arresting officer inform the defendant that his right to counsel in criminal cases is inapplicable to a situation involving the implied consent statute. We note that section 11—501.1(a)(3) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(3)), as amended by Public Act 82—221, stated that the arrested person may consult an attorney within 90 minutes of being requested to take a breathalyzer test. That same statute, however, expressly provided that the "[f]ailure to consult counsel shall not excuse or mitigate the effect of the refusal to take or complete the test." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(9).) That version of the statute does not control this case. Nevertheless, it indicated the legislature's intent that a refusal to take the examination cannot be predicated or conditioned upon the failure to consult counsel. Significantly, the current statute (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11.501.1), under which defendant was tried, does not even grant the arrestee an opportunity to consult with counsel before submitting to the test.

██ In those jurisdictions in which the courts do not recognize a right under the implied consent statute to communicate with an attorney, and in which there is no contention in the case regarding confusion resulting from the recitation of the *Miranda* warnings, the courts generally have held that a request to consult with counsel constituted a flat refusal to submit to a breathalyzer test. (Annot., 97 A.L.R.3d 852, 856, 870-74 (1980); 36-37 (1983 Supp.).) Thus, where, as here, the arrested person declined to take a breathalyzer test unless he first consulted with his attorney, his conduct constituted a clear refusal to submit to the examination because the implied consent statute does not sanction a qualified or conditional refusal. *Winter v. Peterson* (1981), 208 Neb. 785, 787-88, 305 N.W.2d 803, 806; *Rusho v. Johns* (1970), 186 Neb. 131, 133, 181 N.W.2d 448, 449; *State v. Pandoli* (1970), 109 N.J. Super. 1, 3-4, 262 A.2d 41, 42; *Robertson v. State* (Okla. 1972), 501 P.2d 1099, 1104; *Lundquist v. Motor Vehicles Division, Department of Transportation* (1975), 23 Or. App. 507, ___, 543 P.2d 29, 31; *Wilson v. Commonwealth* (1980), 53 Pa. Commw. 342, 345-46, 417 A.2d 867, 868; *State v. Braunesreither* (S.D. 1979), 276 N.W.2d 139, 140; *State v. Heles* (S.D. 1978), 272 N.W.2d 808, 810; *Fjeldsted v. Cox* (Utah 1980), 611 P.2d 382, 383; *State v. Berry* (W. Va. 1980), 271 S.E.2d 776, 778.

██ In sum, based on the cases discussed in the preceding paragraph, we conclude that the defendant in this matter refused, under section 11—501.1, to take the breathalyzer test when he qualified or conditioned his refusal upon prior consultation with an attorney. In

addition, the arresting officer had no duty under section 11—501.1 to inform the defendant that he did not have a right to consult counsel in an implied consent situation.

Defendant's other two assignments of error are that (1) the trial court erred in failing to provide a court reporter and (2) the trial judge erred in failing to enter a written order containing his findings of fact. Defendant cites no authority in support of these propositions, contrary to his obligation under Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)). They represent wishful thinking on the part of defendant rather than valid contentions of trial court error.

■■ As to the first, there is no requirement that a court reporter be supplied in a nonjury civil case such as this, although the parties are permitted to supply their own reporter if they so desire. (Sections 10.2(a)(2) and 10.2(a)(3) of the Rules of Practice of the Nineteenth Judicial Circuit.) In lieu of a verbatim report of proceedings or a bystander's report (87 Ill. 2d R. 323(c)), the defendant as appellant here chose to file an agreed statement of facts (87 Ill. 2d R. 323(d)).

As to the second, the docket sheet in this matter reflects that on March 1, 1983, after conducting a hearing, the trial court found that "probable cause" existed and the Secretary of State was notified of the disposition. No written order was entered containing findings of fact upon which the court determined "probable cause." We observe here that in *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 369, as in the present case, the trial court merely stated in its order that probable cause existed and ordered the clerk of the court to notify the Secretary of State of that finding. However, the *Rehfeldt* court did not address the sufficiency of the findings of the circuit court because the defendant had not raised that issue on appeal.

■■ The general rule in this State is that in a nonjury civil case the order of the circuit court is not required to contain findings of fact or conclusions of law. (*Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 668; *Royer v. Bedwell* (1977), 47 Ill. App. 3d 331, 333-34; *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1022; 87 Ill. 2d R. 366(b)(3)(i).) The reviewing court will extend all reasonable presumptions in favor of the judgment or order from which the appeal is taken. (*Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 668; *Cogdill v. Durham* (1976), 43 Ill. App. 3d 940, 942.) In addition, the party who prosecutes an appeal bears the burden of overcoming the presumption that the trial court's judgment is correct (*Thanopoulos v. Pickens* (1980), 87 Ill. App. 3d 906, 909), for the court of review will not presume that error occurred below (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241-42). In particular, the

reviewing court will not assume that the trial court misunderstood the applicable law. (*Wabash Life Insurance Co. v. Cadillac Associates, Inc.* (1966), 72 Ill. App. 2d 413, 416.) We also point out that there is no language in the statute in question that mandates that the trial court enter findings of fact or conclusions of law as part of its order. Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1(c).

■ From our review of the evidence furnished in the agreed statement of facts, it is apparent that there is credible evidence upon which the trial court could determine that the State had proven the necessary elements required under the implied consent statute and upon which the trial court's conclusion of "probable cause" rested. While the better practice would have been for the trial court to enter findings of fact to facilitate appellate review (see, *e.g., Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1022 n.4), and while the terms the court used to convey its determination may have been inartful, the court's failure to make explicit findings of fact, by itself, was not error, for the defendant has failed to overcome the presumption that the court below understood, considered and applied the law correctly.

The decision of the trial court entered March 1, 1983, is affirmed.

Affirmed.

SEIDENFELD, P.J., and HOPF, J., concur.