786 N.E.2d 260 (2003)
337 Ill. App.3d 566
271 Ill.Dec. 1002
Brian L. HOBBS, Plaintiff-Appellant,
v.
Mark LORENZ and Stanley Fronczak, Defendants-Appellees.
No. 2-01-1125.
Appellate Court of Illinois, Second District.
March 14, 2003.
*261 David N. Baum, Nicole R. Connors, Ronald M. Gonsky, Ltd., Chicago, for Brian L. Hobbs.
Robert Marc Chemers, Edward B. Ruff III, Robert J. Winston, David S. Osborne, Pretzel & Stouffer, Chartered, Chicago, for Mark Lorenz M.D.
Norman J. Barry Jr., Karen Kies DeGrand, Mark M. Burden, James D. Sloan, Donohue, Brown, Mathewson & Smyth, Chicago, for Stanley Fronczak M.D.
Presiding Justice HUTCHINSON delivered the opinion of the court:
Plaintiff, Brian L. Hobbs, sued defendants, Mark Lorenz, M.D., and Stanley Fronczak, M.D., for medical malpractice. On defendants' motion (see 735 ILCS 5/2-619(a)(9) (West 2000)), the trial court dismissed the complaint with prejudice because it did not comply with section 2-622 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-622 (West 2000)). On appeal, plaintiff contends that (1) the trial court erred when it assumed that it had to dismiss the complaint for noncompliance *262 with section 2-622, and (2) even if the court recognized that dismissal was discretionary, the court abused its discretion when it dismissed the complaint. We affirm.
Plaintiff's complaint, filed in Cook County on February 2, 2001, alleged that, on or about February 5, 1999, defendants performed surgery on plaintiff, who was suffering from a herniated disc. Plaintiff was in defendants' care until May 1999. On or about August 1, 1999, plaintiff learned that his vagus nerve was damaged. Plaintiff further alleged that he suffered serious and permanent injuries as a result of defendants' deviation from the standard of care before, during, and after the surgery. A health professional's report was not attached to the complaint. However, the complaint did include an affidavit from plaintiff's attorney, David Baum, stating that he had been unable to consult with a health professional before the limitations period expired.
On plaintiff's motion, the case was transferred to Du Page County. On July 31, 2001, defendants moved to dismiss the complaint, citing section 2-622(g) of the Code, which provides that the failure to file a section 2-622 certificate shall be grounds for dismissal. See 735 ILCS 5/2-622(g) (West 2000). Defendants observed that, although the 90-day extension under section 2-622(a)(2) had expired on May 8, 2001, plaintiff had not filed the required report from a health professional or sought an extension. In his response, plaintiff sought leave to amend his complaint to attach an updated affidavit pursuant to section 2-622(a)(3) to notify the court of the current status of plaintiff's medical records request.
In the accompanying affidavit prepared pursuant to section 2-622(a)(3) of the Code, Baum asserted that on February 7, 2001, he asked Northwestern Memorial Hospital for records of the treatment plaintiff received after defendants treated him but that the hospital was still searching for the records. Baum also stated that on July 18, 2001, he had sent defendants' counsel a notice to produce (see 166 Ill.2d R. 237(b)) copies of plaintiff's medical records but that defendants had not complied. Plaintiff sought leave to amend his complaint to include this information so that he could file the health professional's affidavit within 90 days after he received the records.
Defendants replied that plaintiff could not now invoke section 2-622(a)(3) of the Code because his original complaint did not inform the trial court that plaintiff was awaiting the receipt of the records he needed from defendants. Defendants observed that, when plaintiff filed his complaint, he could not have invoked section 2-622(a)(3) because he did not send defendants the notice to produce until five months later. Defendants also noted that plaintiff could have obtained the pertinent records in ample time simply by requesting them directly from defendants under section 8-2003 of the Code (735 ILCS 5/8-2003 (West 2000)).
After hearing arguments, the trial court granted defendants' motion and dismissed the complaint with prejudice. The trial court commented, "Based upon the facts that I am now aware of, if I did not grant this [2-619] motion to dismiss, that would not be enforcing [2-622] at all." The trial court added:
"I am aware of no case law that would allow a plaintiff to completely fail to comply with the plain language of [2-622] based upon the procedural history of this case. There were opportunities for you to request extensions and now at this late date I simply cannot grant any further time * * * for you to go out and *263 find a report that could have been done [sic] prior to the filing of the suit.
* * *
Based upon my review of the procedure, based upon the oral argument, based upon the plain language of [2-622], I do grant the motion to dismiss by both * * * defendants under [2-619] with prejudice."
Plaintiff timely appeals.
The legislature enacted section 2-622 of the Code to discourage frivolous suits for medical malpractice and to eliminate such actions in the early stages, before the expenses of litigation have mounted. DeLuna v. St. Elizabeth's Hospital, 147 Ill.2d 57, 65, 167 Ill.Dec. 1009, 588 N.E.2d 1139 (1992). Section 2-622 of the Code directs a plaintiff to follow one of three options when filing a complaint. Under section 2-622(a)(1) of the Code, a plaintiff must attach a report from a qualified health professional stating that she or he has reviewed the medical records and believes that the plaintiff has a reasonable and meritorious cause to file the action. 735 ILCS 5/2-622(a)(1) (West 2000). Under section 2-622(a)(2) of the Code, an affidavit must be provided, stating that the report cannot be procured prior to the expiration of the limitations period, in which case the plaintiff is given 90 days to procure and file the required documents. 735 ILCS 5/2-622(a)(2) (West 2000). Under section 2-622(a)(3) of the Code, the affidavit must state that counsel has made a request for records pursuant to section 8-2001 of the Code (735 ILCS 5/8-2001 (West 2000)), and that the party to whom the request was made failed to comply within 60 days, whereupon the plaintiff is granted 90 days from the time the records are received to file the required report.
Section 2-622 of the Code should be liberally construed so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute. Comfort v. Wheaton Family Practice, 229 Ill.App.3d 828, 832, 171 Ill. Dec. 529, 594 N.E.2d 381 (1992). If a plaintiff does not comply with section 2-622, the trial court may in its discretion dismiss the complaint with prejudice. See McCastle v. Sheinkop, 121 Ill.2d 188, 193, 117 Ill.Dec. 132, 520 N.E.2d 293 (1987). A reviewing court will not reverse a dismissal unless the trial court abused its discretion. Cuthbertson v. Axelrod, 282 Ill. App.3d 1027, 1034, 218 Ill.Dec. 458, 669 N.E.2d 601 (1996).
Plaintiff argues first that the trial court mistakenly believed that plaintiff's violation of section 2-622 required the court to dismiss the complaint. See McCastle, 121 Ill.2d at 193-94, 117 Ill.Dec. 132, 520 N.E.2d 293. However, we must presume that the trial court understood the law. See Village of Cary v. Jakubek, 121 Ill.App.3d 341, 345-46, 76 Ill.Dec. 736, 459 N.E.2d 651 (1984). Plaintiff has not overcome this presumption.
The record, including the trial court's explanation of its ruling, affirmatively demonstrates that the court read the case authority that the parties submitted and decided that, under the circumstances here, even a liberal reading of section 2-622 would not excuse plaintiff's neglect of his obligations. The trial court noted not only that plaintiff's counsel violated section 2-622 but also that he "completely failed to comply" with section 2-622. We are fully satisfied that the trial court did not misapprehend the law.
We turn to plaintiff's second contention on appeal. Plaintiff asserts that, even if the trial court consciously exercised its discretion when it dismissed the complaint, the court abused that discretion. According to plaintiff, he initially complied *264 with the law by attaching a proper section 2-622(a)(2) affidavit, and the trial court later could have allowed him to amend his complaint to include a proper section 2-622(a)(3) affidavit. We agree with defendants that plaintiffs' minimal compliance with section 2-622 is of little consequence and that his reliance on section 2-622(a)(3) is misplaced. Therefore, we believe that the trial court was within its discretion in refusing to allow plaintiff a further opportunity to satisfy section 2-622.
Plaintiff is correct that his original complaint complied with section 2-622(a)(2), thus giving him 90 days more in which to file the health professional's report that he knew he needed. However, in those 90 days, plaintiff did little or nothing toward supplying the report. Although plaintiff's attorney could have immediately ordered plaintiff's medical records from defendants via section 8-2003 of the Code (735 ILCS 5/8-2003 (West 2000)), counsel inexplicably failed to do so. Furthermore, counsel not only neglected to use section 8-2003 but also allowed the 90-day extension to expire without seeking a further extension from the trial court. Not until about five months after filing the complaint did plaintiff demand the records by issuing a notice to produce under the discovery rules.
The trial court recognized that plaintiff initially followed section 2-622(a)(2), and it did not dismiss the action because the complaint was unsatisfactory when it was filed. Instead, the court dismissed the suit because of what plaintiff failed to do after he filed the complaint. Plaintiff's unexcused lapses delayed the litigation considerably. When the complaint was dismissed, approximately seven months after it had been filed, plaintiff had not obtained the needed medical records, let alone the required consultation with a qualified health professional.
Moreover, we conclude that the trial court was not obligated to grant plaintiff leave to amend his complaint to invoke section 2-622(a)(3) of the Code. See Lee v. Chicago Transit Authority, 152 Ill.2d 432, 467, 178 Ill.Dec. 699, 605 N.E.2d 493 (1992) (stating that the decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court). Defendants assert that, to invoke section 2-622(a)(3) at all, plaintiff needed to submit the proper affidavit at the time he filed his complaint. We need not decide whether this reading of section 2-622 is correct. If, arguendo, plaintiff could have added the affidavit several months after filing suit, the trial court was within its discretion in refusing to let him do so.
Plaintiff's proposed amendment did not comply with section 2-622(a)(3) because it did not state that plaintiff had ever made the needed request under section 8-2001 of the Code. Even if plaintiff's notice to produce under Rule 237(b) was a suitable substitute, plaintiff did not file it until about five months after he filed the complaint and two months after the 90-day extension he received under section 2-622(a)(2) had expired. At the hearing on defendants' motion to dismiss, the trial court explained that plaintiff had done little to advance the litigation and that it saw no reason to allow him another "out" at that late date. We find no abuse of the trial court's discretion occurred.
The judgment of the circuit court of Du Page County is affirmed.
Affirmed.
McLAREN and CALLUM, JJ., concur.