BEVERLY Y. COTHREN, Special Adm'x of the Estate of Gerald Cothren, Deceased, Plaintiff-Appellant, v. ERIC THOMPSON, Defendant-Appellee.

Fourth District   No. 4—04—0606

Argued February 23, 2005.—Opinion filed March 14, 2005.

Albert Brooks Friedman (argued), of Chicago, for appellant.

Karen L. Kendall (argued), of Heyl, Royster, Voelker & Allen, of Peoria, and Adrian E. Harless and Theresa M. Powell, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In July 2003, plaintiff, Beverly Y. Cothren, as the special administratrix of the estate of Gerald Cothren, the decedent, filed a medical-malpractice action against defendant, Eric Thompson, M.D. In November 2003, defendant filed a motion to dismiss, which the trial court granted in January 2004. Plaintiff then filed a motion to vacate the judgment, which the court granted. In May 2004, defendant filed a motion to reconsider, and the court vacated its order and entered judgment in favor of defendant.

On appeal, plaintiff argues the trial court abused its discretion in dismissing the medical-malpractice complaint. We affirm.

## I. BACKGROUND

On July 16, 2003, plaintiff filed a complaint, alleging defendant acted negligently in treating the decedent on July 19, 2001. The complaint included an affidavit from plaintiff's attorney, stating the attorney was unable to obtain the consultation required by section 2—622(a)(1) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2—622(a)(1) (West 2002)) because the cause of action was not brought to his attention with sufficient time to have a qualified physician review the decedent's medical records prior to the running of the statute of limitations. Plaintiff's attorney requested an additional 90 days to have the medical records reviewed and the appropriate certificate and written report filed pursuant to section 2—622(a)(2) (735 ILCS 5/2—622(a)(2) (West 2002)).

On November 3, 2003, defendant filed a motion to dismiss pursuant to section 2—619 of the Procedure Code (735 ILCS 5/2—619 (West 2002)), stating the complaint should be dismissed because plaintiff had not filed an affidavit and written report within 90 days as required by section 2—622(a)(2). On November 18, 2003, plaintiff's attorney filed an affidavit and attached a letter from a reviewing physician claiming a reasonable and meritorious cause existed for filing the action. The letter did not contain the name or address of the physician.

On December 17, 2003, defendant filed a motion to strike the affidavit of plaintiff's attorney and the attached letter, stating they should be stricken because (1) they were not filed within the time set forth in the statute, (2) plaintiff did not seek or obtain leave of court before filing the affidavit and letter, (3) plaintiff failed to establish good cause to allow the untimely filing, and (4) the letter did not include the name and address of the health professional. The motion also asked the trial court to grant defendant's motion to dismiss with prejudice.

On January 6, 2004, the trial court dismissed the cause with prejudice, finding plaintiff (1) failed to file an affidavit and certificate within 90 days, (2) did not establish good cause for the failure to file the affidavit and certificate, and (3) filed the July 14, 2003, affidavit and letter without leave of court and without good cause to establish why the documents were not filed in a timely manner.

On January 30, 2004, plaintiff filed a motion to vacate the judgment, stating plaintiff's counsel sent the decedent's medical records to Dr. Richard Illes, who was "unfortunately incarcerated" in Pennsylvania and was "difficult to communicate with" while in jail. The motion stated counsel received a July 14, 2003, letter from Dr. Illes suggesting the complaint be amended but the letter was not filed with the trial court. After defendant moved to dismiss, plaintiff filed the letter. The motion alleged defendant's motion to strike was mailed to plaintiff's local counsel "in violation of the rules" and while counsel was on vacation. The motion concluded plaintiff filed an acceptable certificate and report "one month late" and without leave of court "due to the difficulty that was incurred in obtaining the letter due to Dr. Richard Illes's circumstances" and inadvertently placing the letter in the file rather than filing it with the court.

In February 2004, defendant filed a motion to strike plaintiff's motion to vacate the judgment, stating plaintiff did not present evidence that was not available before the judgment was entered and the affidavits in support of the motion violated Supreme Court Rule 191 (210 Ill. 2d R. 191). Defendant also filed a response to plaintiff's motion, stating plaintiff failed to show good cause for the failure to timely file the affidavit and written report.

In March 2004, the trial court conducted a hearing on plaintiff's motion to vacate the judgment. In a written order, the court found plaintiff's attorney inadvertently misfiled the letter from Dr. Illes and promptly filed it upon receipt of defendant's motion to dismiss. As defendant did not show substantial prejudice by the delay, the court found good cause to excuse the late filing. The court granted plaintiff's motion to vacate the judgment.

In May 2004, defendant filed a motion to reconsider. In June 2004, the trial court found (1) plaintiff failed to establish good cause pursuant to Supreme Court Rule 183 (134 Ill. 2d R. 183), (2) plaintiff waived the right to vacate the January 6, 2004, order because plaintiff failed to establish good cause for the failure to file the affidavit and written report prior to the entry of that order, and (3) plaintiff's attorney was guilty of a pattern of delay or inadvertence in failing to file the necessary documents within 90 days. The court vacated its March 2004 order and entered judgment in favor of defendant. This appeal followed.

## II. ANALYSIS

Plaintiff argues the trial court abused its discretion in dismissing the complaint. We disagree.

The General Assembly passed section 2—622 to discourage frivolous lawsuits for medical malpractice and to eliminate such actions at an early stage. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65, 588 N.E.2d 1139, 1142 (1992). Under section 2—622(a)(1), the plaintiff must attach a report from a qualified health professional stating he or she has reviewed the medical records and has determined in a written report "that there is a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2—622(a)(1) (West 2002). If unable to do so, the plaintiff must provide an affidavit under section 2—622(a)(2), "stating that the report cannot be procured prior to the expiration of the limitations period, in which case the plaintiff is given 90 days to procure and file the required documents." *Hobbs v. Lorenz*, 337 Ill. App. 3d 566, 569, 786 N.E.2d 260, 263 (2003).

Section 2—622 "should be liberally construed so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute." *Hobbs*, 337 Ill. App. 3d at 569, 786 N.E.2d at 263. A plaintiff's failure to file a certificate shall be grounds for dismissal. 735 ILCS 5/2—622(g) (West 2002). However, a plaintiff's noncompliance with section 2—622 does not require the trial court to dismiss the action with prejudice. *Ingold v. Irwin*, 302 Ill. App. 3d 378, 383, 705 N.E.2d 135, 139 (1998). Instead, the court has the discretion to dismiss an action with or without prejudice. *Ingold*, 302 Ill. App. 3d at 383, 705 N.E.2d at 139. The court's decision to dismiss will not be reversed on appeal absent an abuse of discretion. *Hobbs*, 337 Ill. App. 3d at 569, 786 N.E.2d at 263.

In the case *sub judice*, plaintiff's July 2003 complaint included an attorney affidavit requesting a 90-day extension to file the appropriate certificate and written report. However, plaintiff did not file the certificate or written report within the 90 days. Plaintiff also did not

seek an extension of time to file the documents. When plaintiff did file the affidavit and report, neither contained the name and address of the health professional as required by section 2—622(a)(1) of the Procedure Code (735 ILCS 5/2—622(a)(1) (West 2002) ("report shall include the name and the address of the health professional")). Further, plaintiff did not seek leave of court to file those documents. See *Sawyier v. Young*, 198 Ill. App. 3d 1047, 1052, 556 N.E.2d 759, 762 (1990) (answer or counterclaim could be treated as a nullity because "mere act of filing a late pleading in the clerk's office does not place the late pleading properly before the court"). Thus, plaintiff failed to comply with the statute.

Although plaintiff failed to file the documents in a timely manner, "trial courts may, in deciding whether to dismiss a complaint with prejudice for failure to comply with section 2—622, consider whether there was a showing of good cause for a late filing of the required documents." *Premo v. Falcone*, 197 Ill. App. 3d 625, 630, 554 N.E.2d 1071, 1076 (1990); see also 134 Ill. 2d R. 183 (trial court may extend time for filing "for good cause shown").

"Allowing trial courts to consider whether good cause exists for noncompliance with the deadlines for filing the required documentation in section 2—622 is consistent with the objectives of that statute because it encourages compliance with the deadlines set forth therein and encourages filing the required documentation as expeditiously as possible in the event compliance is not possible." *Premo*, 197 Ill. App. 3d at 631, 554 N.E.2d at 1076.

In this case, plaintiff has failed to establish good cause in the late filing of the required documents. The fact that plaintiff's attorney chose an incarcerated health professional to determine if a meritorious cause existed and had difficulty communicating with him because of his incarceration does not amount to good cause.

Plaintiff also complains the delay was caused by defendant's attorney's failure to respond to a letter from plaintiff's attorney. The November 2003 letter asked defense counsel to inform plaintiff's local attorney if he decided to cancel the motion to dismiss. Plaintiff states defense counsel did not write or call to indicate the direction he was taking. However, at the March 2004 hearing, plaintiff's local counsel admitted that defense counsel advised him he was proceeding on the motion. Thus, plaintiff has not shown defense counsel caused a prejudicial delay.

Plaintiff's attorney argues the delay was excusable, as Dr. Illes's letter was merely misfiled and later found. However, "[m]istake, inadvertence, or simple attorney neglect cannot constitute the sole basis for a good cause determination." *Glasco v. Marony*, 347 Ill. App.

3d 1069, 1073, 808 N.E.2d 1107, 1110 (2004). Further, plaintiff argued in the trial court that defendant has not shown he was substantially prejudiced by the delay. Our supreme court has noted, however, that "the mere absence of inconvenience or prejudice to the opposing party is not sufficient to establish good cause under Rule 183." *Bright v. Dicke*, 166 Ill. 2d 204, 209, 652 N.E.2d 275, 277 (1995).

"[A] determination of good cause must be based upon the facts of each case and is within the discretion of the trial court." *Bright v. Dicke*, 260 Ill. App. 3d 768, 771, 633 N.E.2d 1283, 1285 (1994). This case was not about defendant's alleged delay or a discovery sanction but instead focused on plaintiff's failure to file the necessary documents to satisfy the requirements of the statute. As plaintiff failed to establish good cause for the untimely filing, the trial court did not abuse its discretion in dismissing the case with prejudice.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and APPLETON, JJ., concur.